## *Ex parte* BYLES.

### Opinion delivered February 21, 1910.

1. CERTIORARI—QUESTION RAISED.—Upon certiorari to review the action of the chancellor below in discharging the petitioner in habeas corpus, the question of the petitioner's guilt cannot be raised, the proper method of raising that question being by appeal from the judgment of conviction.  (Page 614.)

2. TAXATION—LEGISLATIVE POWER.—Everything to which the legislative power extends may be the subject of taxation, whether it be person or property or possession, franchise or privilege, or occupation or right.  (Page 616.)

3. SAME—PRIVILEGE TAX.—A tax on peddlers is not a tax on property within the constitutional mandate requiring that all property shall be taxed according to its value, and that all taxation shall be equal and uniform.  (Page 616.)

4. STATUTES—CONSTRUCTION.—It is the duty of the courts, in testing the validity of a statute, to resolve all doubts in favor of the legislative action and to uphold it unless it is clearly an abuse of legislative power.  (Page 617.)

5. TAXATION—LEGISLATIVE CLASSIFICATION.—In determining the propriety of a classification made by the Legislature for the purpose of taxing or regulating privileges or occupations, it is the duty of the courts to uphold the legislative determination unless the classification is clearly unreasonable and arbitrary; the Legislature being primarily the judge as to that.  (Page 617.)

6. SAME—VALIDITY OF CLASSIFICATION.—The Legislature may impose a privilege tax on certain callings or trades, without taxing other trades or callings.  (Page 618.)

7. SAME—UNIFORMITY OF CLASSIFICATION.—A privilege tax is uniform if it bears equally upon all persons belonging to the class upon which it is imposed.  (Page 618.)

8. STATUTES—ENFORCEMENT IN PART.—Statutes valid only in part will be disregarded as to the void part and enforced as to the residue. (Page 620.)

Certiorari to Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Hal L. Norwood,* Attorney General, for appellant.

1. The act of 1909 omits the objectionable proviso of the act of 1901, which led this court to pronounce the latter act void. 75 Ark. 542.  The Legislature was familiar with this decision, and passed an act without any exceptions to its provisions.

2. The act does not interfere with or attempt to burden commerce among the States.  82 Ark. 309-321.  The Legislature

is presumed to act in view of the Constitution, and not to intend the violation of its provisions. Lewis' Sutherland on Stat. Const. § 498; 75 Ark. 309; 89 Ark. 466; 63 Ark. 576; 112 U. S. 261; 4 N. H. 16; 17 N. Y. 235; 118 Mass. 239; 200 U. S. 226; 197 U. S. 60; 27 Mont. 394; 77 Minn. 483; 90 Pac. 307; 153 Miss. 205; 114 U. S. 196; 136 U. S. 114; 100 U. S. 676; 156 U. S. 296; 21 Cyc. 365.

3. The act may be sustained on two grounds: (1) on the police power of the State for regulation; (2) on the power of taxation for revenue. 179 U. S. 270; 50 L. R. A. 685; 68 Fed. 750; 8 Cyc. 875 and note 31; 92 Me. 453; 8 N. D. 286; 78 N. W. 984; 8 Cyc. 1046. A certain class of persons may be required to procure license for the sale of certain classes of goods or for the pursuit of certain avocations without violating the 14th amendment. 8 Cyc. 1046; 179 U. S. 270; 50 L. R. A. 685; 68 Fed. 750; 110 Ga. 584; 59 *Id.* 535; 63 S. C. 61; 68 Vt. 625; 9 Fed. Stat. An. 620 and cases cited, 623 notes, 546; 194 U S. 621; 171 *Id.* 106.

4. The act does not conflict with section 5, article 16, Const. Byles was a peddler, pure and simple. Kirby's Dig. § § 1881, 3106; 8 N. E. 609; 84 Ga. 754; 105 *Id.* 457; 192 U. S. 500.

*Arthur C. Lyons* and *Samuel M. Casey,* for appellee.

1. States cannot burden commerce among the States by legislative acts. They are void. Const. U. S. art. 1, § 8; 153 U. S. 289; 120 *Id.* 489; 127 *Id.* 640; 95 *Id.* 465; 92 *Id.* 259; 135 *Id.* 161; 128 *Id.* 129; 187 *Id.* 622.

2. States cannot discriminate against nonresidents in favor of their own citizens. Const. U. S., art. 4, § 2; 136 U. S. 313; 75 Ark. 542; 87 S. W. 1030; 97 Pac. 129; 45 Fed. 3-5; 42 N. W. 977-8; 120 U. S. 489-498; 19 U. S. 45.

3. No person can be denied the equal protection of the laws. Const. U. S. and Const. Ark., art. 2, § 18; 100 Pac. 296; 43 S. W. 513; 51 N. E. 136; 97 N. W. 124; 70 Atl. 986; 97 Pac. 129; 47 So. 1008; 46 Pac. 255; 72 N. W. 67; 100 Pac. 296; 123 N. W. 823; 184 U. S. 540; 79 Fed. 627; 165 U. S. 150-165; 104 Pac. 401-5-8; 123 N. W. 408; 55 S. W. 627; 49 Fed. 164.

4. Taxation must be equal and *uniform.* Const. Ark., art. 16, § 5; 109 S. W. 293.

5. The act is prohibitive of competition and void. 149 Fed. 913; 88 Pac. 459; 97 Pac. 129-131; 104 Pac. 401-5; 104 S. W. 153.

*Moore, Smith & Moore, amici curiae.*

1. The appellee was not a peddler within the act. 12 Cush. 393; 114 Mass. 267; 114 Mass. 267; 12 Cush. 493-6; 20 S. E. 544; 47 Fed. 539; 8 Pac. 865; 39 N. W. 191; 28 *Id.* 13; 6 So. 393; 132 Ill. 380; 55 N. J. L. 522; 69 N. H. 424; 50 La. An. 574; 74 S. W. 31; 167 Ind. 502; 84 Ga. 754; 105 *Id.* 457.

2. The act is in conflict with art. 1, § 8, Const. U. S. and void. 120 U. S. 489; 128 *Id.* 129; 135 *Id.* 100; 153 *Id.* 289; 185 *Id.* 27; 187 *Id.* 622; 203 *Id.* 507.

3. The method of the Spaulding Company in doing business was clearly within the protection of the interstate commerce clause. 47 S. E. 651; 125 U. S. 465; 135 *Id.* 161; 170 *Id.* 413; 191 *Id.* 441; 47 S. E. 658; 156 U. S. 296; 100 *Id.* 676; 114 U. S. 622; 8 Wall. 123.

McCulloch, C. J. The respondent, W. H. Byles, was arrested in Independence County on the criminal charge of violating the provisions of an act of the General Assembly approved April 1, 1909, entitled "An act to regulate the sale of lightning rods, steel stove ranges, clocks, pumps, buggies, carriages and vehicles in the several counties of this State," and on a trial before a justice of the peace of that county he was convicted of the alleged offense, and a fine was assessed against him. The proceedings before the justice of the peace were in regular form, and the information which was the basis of the prosecution properly charged a violation of the statute referred to above. Respondent refused to pay the fine assessed against him, and presented to the chancellor of the Pulaski Chancery Court his petition for habeas corpus, asking that he be discharged from custody. On the return of the writ the chancellor decided that the statute in question is void, and ordered respondent's discharge. The Attorney General brings the proceedings here by certiorari for review, and seeks to quash the judgment of the chancellor.

The only question before us now is as to the validity of the statute, for, if the statute is valid, the question of re-

spondent's guilt of a violation of its provisions can not be tested in any other manner than by direct appeal from the judgment of conviction. *State* v. *Neal*, 48 Ark. 283; Ex parte *Foote*, 70 Ark. 12.

The statute, the validity of which is attacked, reads as follows:

"Sec. 1. That hereafter before any person, either as owner, manufacturer, or agent, shall travel over and through any county and peddle or sell any lightning rod, steel stove range, clock, pump, buggy, carriage or other vehicle or either of said articles, he shall procure a license as hereinafter provided from the county clerk of such county, authorizing such person to conduct such business.

"Sec. 2. That, before any person shall travel over or through any county and peddle or sell any of the articles mentioned above, he shall pay into the county treasury of such county the sum of two hundred ($200) dollars, taking the receipt of the treasurer therefor, which receipt shall state for what purpose the money was paid. The county clerk of such county, upon the presentation of such receipt, shall take up the same and issue to such person a certificate or license, authorizing such person to travel over such county and sell such articles or article for a period of one year from the first day of January preceding the date of such license.

"Sec. 3. Any person who shall travel over or through any county in this State and peddle or sell, or offer to peddle or sell, any of the above enumerated articles without first procuring the license herein provided for shall be deemed guilty ot a misdemeanor, and upon conviction shall be fined in any sum not less than two hundred ($200) dollars nor more than five hundred ($500) dollars.

"Sec. 4. That any person who shall travel over or through any county in this State and peddle or sell any of the articles mentioned above shall be deemed and held to be a peddler, under the provisions of this act."

This statute taxes the privilege of peddling the several articles enumerated, and defines a peddler within the meaning of the statute to be "any person who shall travel over or through any county in this State and peddle or sell any of the articles

mentioned above." The Constitution of this State (art. 16, § 5) provides that "the General Assembly shall have power from time to time. to tax hawkers, peddlers, ferries, exhibitions and privileges in such manner as may be deemed proper." But, aside from any express constitutional sanction, as said by Judge Cooley, "everything to which the legislative power extends may be the subject of taxation, whether it be person or property or possession, franchise or privilege, or occupation or right. Nothing but express constitutional limitation upon legislative authority can exclude anything to which the authority extends from the grasp of the taxing power, if the Legislature in its discretion shall at any time select it for revenue purposes." 1 Cooley, Taxation (3 ed.), p. 9.

We need not stop, therefore, to consider whether the statute in question imposes a tax for revenue purposes or is merely a police regulation, for the Legislature can exercise either power, and its effect is to impose a license tax on certain privileges. If the statute be found free from objection on the charge of unjust classification, it can be justified either as a police regulation or as a privilege tax imposed for the purpose of raising revenue. *State* v. *Montgomery,* 92. Me. 433; *State* v. *Webber,* 214 Mo. 272; *People* v. *Russell,* 49 Mich. 617. It does not, however, impose a tax on property, and is therefore not within the constitutional mandate requiring that all property shall be taxed according to its value, and that all taxation shall be equal and uniform. *Fort Smith* v. *Scruggs,* 70 Ark. 549.

In the case of Ex parte *Deeds,* 75 Ark. 542, we declared to be invalid a similar statute, except that it contained a proviso exempting from its operation resident merchants of the county. The General Assembly of 1909 re-enacted the statute without the exemption, thus freeing it from the objectionable feature condemned in the Deeds case. That decision was placed on the ground that the statute unjustly exempted from its operation a certain class of merchants, and it has no bearing on the present case. The statute is attacked on the ground that it arbitrarily classifies certain articles of trade and taxes the business of selling the same, and that this operates as an unjust discrimination against those engaged in the business of selling those articles.

Before entering into a discussion of this question, it is well to notice a general principle which guides the courts in determining the validity or constitutionality of legislative enactments. It is that the duty of a court in testing the validity of a statute is to resolve all doubts in favor of the legislative action and to uphold it unless clearly an abuse of legislative power. *State* v. *Moore,* 76 Ark. 197; *Louisiana & Ark. Ry. Co.* v. *State,* 85 Ark. 12; *Bacon* v. *Walker,* 204 U. S. 311. Chief Justice Marshall said that, before a court should feel justified in annulling a statute, "the opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." *Fletcher* v. *Peck,* 6 Cranch 87.               ,

Judge Cooley announces the same principle as follows: "The rule of law upon this subject appears to be that, except where the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights of the people of the State, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation. within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but courts cannot assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of right, reason and expediency with the law-making power." Cooley, Const. Lim. (7 ed.) 236.

This principle is especially applicable when it comes to a question of the propriety of a classification made by the Legislature for the purpose of taxation of privileges and occupations or for police regulation. Unless the classification be clearly unreasonable and arbitrary, and without just distinction as a foundation, the Legislature being primarily the judges of that, it is the duty of courts to respect and uphold the legislative determination. *Williams* v. *State,* 85 Ark. 464; *Missouri & N. A. Rd. Co.* v. *State,* 92 Ark. 1; *American Sugar Re-*

*fining Co.* v. *Louisiana,* 179 U. S. 89; *Cargill* v. *Minnesota,* 180 U. S. 452; *Kehrer* v. *Stewart,* 197 U. S. 60; *Armour Packing Co.* v. *Lacy,* 200 U. S. 226; *Ozan Lumber Co.* v. *Union County National Bank,* 207 U. S. 251.

The mere fact that the privilege of selling other articles escapes taxation affords no ground for invalidating the taxation or regulation of those mentioned, for, as we have already said, the constitutional provision that all taxation should be equal and uniform does not reach to the taxation of privileges. The Supreme Court of the United States very aptly said: "A tax may be imposed only upon certain callings and trades, for, when the State exerts its power to tax, it is not bound to tax all pursuits or all property that may be legitimately taxed for governmental purposes. It would be an intolerable burden if a State could not tax any property or calling unless at the same time it taxed all property or all callings." *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540.

So, treating this statute as one imposing a tax on privileges or occupations, it is valid, as the Legislature has the power to select certain occupations and tax them, without taxing others, and to classify the peddling of certain articles as an occuption and tax it. But, whether we treat it as a tax or a mere police regulation, we fail to discover any reason for declaring the statute void on account of its being an arbitrary and unwarranted classification. To do so would be to disregard entirely the legislative determination as to the propriety of the classification. We can see some reason for selecting the articles enumerated in this statute and putting them into a class to themselves for the purpose of taxing the privilege of peddling them over the State, or of regulating the peddling of them. They are articles of merchandise the sale of which bear larger profits than some others, and the sales amount to more. Therefore, the privilege of peddling them should be taxed higher. It might not do to tax the tinware peddler, or the peddler with a pack of small wares on his back, the same as one who peddles lightning rods, steel stove ranges, clocks, pumps, buggies or carriages, whose sales and profits in a day amount to more, perhaps, than those of the former in a month, for they do not belong in the same class. Moreover, the Legislature doubtless

made investigation and found that lightning rods, steel stove ranges, clocks, pumps, buggies and carriages are the articles which constitute the stock of peddlers of this day in the State, and the present legislation was designed to meet the conditions which were found to exist. This it was proper and right for the Legislature to do, and the fact that the precise conditions are found not to be met will not invalidate what the Legislature has done. That is the idea expressed by this court in *Williams v. State, supra,* and by the Supreme Court of the United States in the case of *Ozan Lumber Co.* v. *Union County Bank, supra.* Mr. Justice Peckham, speaking for the Supreme Court of the United States in the latter case, said: "It is almost impossible, in some matters, to foresee and provide for every imaginable and exceptional case, and the Legislature ought not to be required to do so at the risk of having its legislation declared void, although appropriate and proper upon the general subject upon which such legislation is to act, so long as there is no substantial and fair ground to say that the statute makes an unreasonable and unfounded general classification, and thereby denies to any person the equal protection of the laws. In a classification for governmental purposes, there cannot be an exact exclusion or inclusion of persons and things."

Our conclusion in upholding the validity of the statute in question is fully sustained by the following cases: *Machine Co.* v. *Gage,* 100 U. S. 676; *Emert* v. *Missouri,* 156 U. S. 296; *Armour Packing Co.* v. *Lacy,* 200 U. S. 226; In re *Watson,* 17 S. Dak. 486; s. c. 2 Am. & Eng. Ann. Cas. 321; *State* v. *Webber,* 214 Mo. 272; *Singer Mfg. Co.* v. *Wright,* 97 Ga. 114, s. c. 35 L. R. A. 497; *State* v. *Montgomery,* 92 Me. 433; *Hays* v. *Com.,* 107 Ky. 655; *People* v. *Smith,* 147 Mich. 391; *State* v. *Stevenson,* 109 N. C. 730; Ex parte *Heylman,* 92 Cal. 492.

A review of the opinions in the several cases cited above would unduly lengthen this opinion, and that will not be attempted, but an examination will disclose that they are based upon statutes similar to the one now under consideration, or sufficiently so to call for the application of the same principle.

It is insisted that this particular question was not raised nor decided in the Supreme Court of the United States in the cases cited above; but in the case of *Emert* v. *Missouri, supra,*

though the particular question discussed is as to whether or not the statute violated the interstate commerce clause of the Constitution, the opinion contains, we think, a distinct recognition of the validity of the Missouri statute imposing a tax on the privilege of peddling certain articles and exempting others.

Learned counsel for respondent cite us to the following cases which sustain their contentions that the statute in question is an improper and unjust classification: *State* v. *Wright,* (Oregon) 100 Pac. 296, s. c. 21 L. R. A. (N. S.) 349; *State* v. *Bayer* (Utah), 97 Pac. 129; *Smith* v. *Farr* (Colo.), 104 Pac. 401. We cannot, however, reconcile our views with the conclusions reached in those cases, and we are of the opinion that the views we here announce are in accord both with sound reason and the weight of authority.

Counsel insist that the statute selects a few articles not manufactured in this State and imposes a prohibitive tax on the sale thereof, thus excluding foreign manufactured articles and preventing non-resident merchants from selling them here. Such is not, however, the effect of the statute, nor does that appear to be its design. We are not advised that none of these articles are manufactured in the State; but, even if there are none, this does not affect the validity of the statute. It bears alike on all persons peddling these articles, wherever manufactured, and it does not, either in letter or in spirit, discriminate against any. *Armour Packing Co.* v. *Lacy, supra.* Neither can we say that the tax or license fee of $200 per annum is prohibitive.

It is unnecessary to pass on the question argued, whether or not the business transacted by respondent constituted interstate commerce. We cannot go into that question, as the case is presented here, for, as already stated, if the statute is found to be valid and the proceedings against respondent were regular, the question of his guilt or innocence of violating the statute must be tested in a direct appeal from the judgment of conviction. If the statute should be found to burden interstate commerce, and be held to that extent void, that part could be eliminated and disregarded and leave it valid and enforcible as to transactions not within the realm of interstate commerce. It has become the settled rule of construction in this court to separate statutes

valid in part and void in part on account of the excess of the legislative power, so as to disregard the part which was beyond the power of the Legislature to enact, and preserve the part which was within the legislative power. *Leep* v. *Ry. Co.,* 58 Ark. 407; *Wells Fargo & Co.* v. *Crawford County,* 63 Ark. 576; *Hartford Fire Ins. Co.* v. *State,* 76 Ark. 303; *Western Union Tel. Co.* v. *State,* 82 Ark. 309; *Oliver* v. *Chicago, R. I. & P. Ry. Co.,* 89 Ark. 466; *Parkview Land Co.* v. *Imp. Dist.,* 92 Ark. 93.

The judgment of the chancellor discharging the respondent is therefore reversed and quashed.