654

POTTS *v.* McCASTLAIN, COMM'R

5-3838                                    401 S. W. 2d 220

Opinion delivered April 11, 1966

FRANK HOLT, Justice.

*Rose, Meek, House, Barron, Nash & Williamson,* for appellant.

*Lyle Williams, Tom Tanner* and *Hugh Brown,* for appellee.

operators of a fleet of taxicabs, brought this declaratory judgment proceeding seeking to invalidate a part of Act 42 of the First Extraordinary Session of 1965 [Ark. Stat. Ann. § 75-201 et seq (Supp. 1965)]. The chancellor held the questioned part of the Act valid and constitutional. From that decree is this appeal.

For reversal the appellants contend that the section of the Act which raises the annual license fees for five-passenger automobiles for hire from $25.00 to $75.00 is

arbitrary, discriminatory and violative of Article 2 of our State Constitution and the equal protection and due process clauses of the Fourteenth Amendment of our Federal Constitution. Appellants argue that the asserted discrimination and invalidity is apparent upon a comparison of the license fees which are: (1) $75.00 for taxicabs (five-passenger cars for hire); (2) $19.00 for other five-passenger cars (pleasure vehicles) of the same weight category as taxicabs; (3) $15.00 for city buses of much greater weight; and (4) special consideration by a reduction of the license fees for vehicles hauling natural resources. We cannot agree with this contention.

The Act specifically provides that the imposition of this tax is for the privilege of using the public roads and highways of the state and that the fees collected shall be distributed according to the Arkansas Highway Department Distribution Law. We have consistently approved a legislative classification for the purpose of the taxation of a privilege. *City of Ft. Smith* v. *Scruggs*, 70 Ark. 549, 69 S. W. 679; *State* v. *Byles*, 93 Ark. 612, 126 S. W. 94; *Wiseman* v. *Madison Cadillac Co.*, 191 Ark. 1021, 88 S. W. 2d 1007. In *Davies* v. *Hot Springs*, 141 Ark. 521, 217 S. W. 769, we said:

> "* * * The only restriction which the law imposes on the exercise of the power [privilege tax] is that there shall not be a discrimination between persons in like situations and pursuing the same class of occupation."

And we find in *City of Ft. Smith* v. *Scruggs, supra*: "But the rule of equality only requires that the tax shall be collected impartially of all persons in similar circumstances." In the case at bar the statute applies equally and without discrimination to all persons of the classification made and thereby taxed. Also, we think a valid and reasonable distinction exists in the prescribed classifications.

In *U-Drive-Em Corporation* v. *Wiseman*, 189 Ark.

1163, 76 S. W. 2d 960, the contention was made that the tax in question "discriminates grossly between taxicab operators and in favor of buses using streets of cities and towns, and buses using State highways, and the ordinary automobiles used for business and commercial purposes." It was there argued, also, that the Act was void as being in contravention of our State and Federal Constitutions. We rejected these arguments saying:

"* * * The tax so imposed is substantially higher than the tax imposed upon the same automobile or same type of motor vehicle when not so used to transport persons for hire.

It is strongly urged by appellants that the classification made by the State is unfair and unequal. For the purposes of argument, that proposition might be conceded, and, even if that were true, it would not be a real reason for declaring § 31, or any part of it invalid. It is a principle very generally recognized by all of the courts that almost any system of taxation results in many inequalities and perhaps unfairness to particular classes, and very frequently seriously affecting individuals composing a particular class. This arises more often, not out of the law itself, but out of the peculiar conditions under which classes, or individuals, may find themselves in their manner of doing business or location, rather than out of the classification."

A classification which is based upon whether a vehicle carries passengers or freight is said to be valid. *Sproles* v. *Binford*, 286 U. S. 374 (1932). Also, the state has a distinct public interest in the transportation of its citizens whether by passenger car for hire or by motorbus, the latter being a medium of the regularly scheduled mass transportation of people. In *U-Drive-Em Corporation* v. *Wiseman, supra,* we held valid a statute which was oppressive to taxicabs and not motorbuses as being within the privilege granting power of the state.

Primarily, it is within the discretion of our legislature to determine the extent and scope of the exercise of its taxing power. The presumption and intendment favor the validity of its action. *State* v. *Byles, supra*; *Standard Oil Co. of Louisiana* v. *Brodie,* 153 Ark. 114, 239 S. W. 753; *Fitzgerald* v. *Gates,* 182 Ark. 655, 32 S. W. 2d 634.

We agree with the chancellor that the questioned portion of the Act is valid and constitutional.

Affirmed.