Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have requested that I reconsider the views expressed in Attorney General Opinion No. 2003-133, which I issued on May 30, 2003. In that opinion, I interpreted Act 481 of 2003 to provide for retroactive payment back to July 1, 2001 for the increased benefit of A.C.A. §24-10-607(d)(2) to disabled retirees who received a disability retirement prior to that date. You have expressed the view that Act 481 was not intended to provide for retroactive payments, and have therefore asked that I reconsider the conclusion stated in Opinion No. 2003-133.
RESPONSE
It is my opinion that both the conclusion and the reasoning of Opinion No. 2003-133 were correct. I therefore continue to hold the position thatAct 481 of 2003 provides for retroactive payment back to July 1, 2001 for the increased benefit of A.C.A. § 24-10-607(d)(2) to disabled retirees. I also continue to hold the position that Act 481 does not apply retroactively to the date of disability.
As pointed out in Opinion No. 2003-133, the clear and unambiguous language of Act 481 of 2003 states an unequivocal intent to provide for retroactive payments to July 1, 2001 to disabled retirees who received a disability retirement prior to that date. The Act states:
 SECTION 2. (a) Beginning July 1, 2003, Arkansas Code A.C.A. § 24-10-607(d)(2) shall apply retroactively to allow Arkansas Local Police and Fire Retirement System members who received a disability retirement before July 1, 2001, to receive the greater benefit of sixty-five percent (65%) of the final average salary of the member or an amount equal to the annuity paid to retirants for each year of paid service resulting from employment.
(b) However, the system shall not be responsible for making benefit payments retroactive to the date of the disability.
Acts 2003, No. 481, § 2 (emphasis added).
You have expressed the view that the above-quoted language was intended only to provide that individuals who received a disability retirement before July 1, 2001 are to become eligible to receive the increased benefit beginning on July 1, 2003. This interpretation ignores the phrase "shall apply retroactively." Under that interpretation, the Act would not apply retroactively. It would apply prospectively. The General Assembly expressly stated that the Act was to apply retroactively. The use of the phrase "shall apply retroactively" would not have been necessary if the Act had simply been intended to have the effect of making the named retirees eligible for the increased benefit beginning on July 1, 2003. Moreover, if the Act had not been intended to apply retroactively, the General Assembly's express limitation, in Subsection (b), of its retroactivity would not have been necessary. The General Assembly was, in essence, stating that the Act is to apply retroactively to July 1, 2001, but it is not to apply retroactively to the date of disability.
You indicate that your interpretation of Act 481 is based largely on discussions of the Act during LOPFI board meetings. The Arkansas Supreme Court will not consider such discussions in interpreting statutory language that is clear and unambiguous. See Board of Trustees v. City ofLittle Rock, 295 Ark. 585, 750 S.W.2d 950 (1988); Atkinson v. Board ofTrustees of the University of Arkansas, 262 Ark. 552, 559 S.W.2d 473
(1977); Wiseman v. Madison Cadillac Co., 191 Ark. 1021, 88 S.W.2d 1007
(1935). Regarding this issue, the Wiseman court stated:
 The intention of the Legislature, to which effect must be given, is that expressed in the statute, and the courts will not inquire into the motives which influenced the Legislature or individual members, in voting for its passage, nor indeed as to the intention of the draftsman or of the Legislature so far as it has not been expressed in the act. So in ascertaining the meaning of a statute the court will not be governed or influenced by the views or opinions of any or all of the members of the Legislature, or its legislative committees or any other person. 59 C.J. 1017.
Wiseman, 191 Ark. at 1024-25.
The language of Act 481 clearly and unambiguously states an intent to provide for retroactive payments back to July 1, 2001 for the increased benefit of A.C.A. § 24-10-607(d)(2) to disabled retirees. This intent is bolstered by the language of the Act's emergency clause. Because this intent that the Act apply retroactively is indicated so clearly and unambiguously, I must decline to change the views expressed in Opinion No. 2003-133.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General