S. R. THOMAS AUTO COMPANY *v.* WISEMAN, COMMISSIONER OF REVENUES.

4-4329

Opinion delivered April 13, 1936.

*Owens & Ehrman* and *E. L. McHaney, Jr.*, for appellants.

*Carl E. Bailey*, Attorney General, *Thomas Fitzhugh*, Assistant, and *Millard Alford*, for appellee.

SMITH, J. The appellants in this case are corporations engaged in the retail automobile business in the city of Little Rock. Each of them had been in business for some time prior to July 1, 1935, the date on which act 233 of the Acts of 1935 (Acts of 1935, page 951), commonly referred to as Sales Tax Act, became effective. They had each acquired a number of second-hand automobiles received in part payment for new ones before that date. The only question presented on this appeal is whether used cars so acquired by appellants before July 1, 1935, and sold by them after that date, are subject to the sales tax. These dealers seek exemption from the payment of this tax under sub-division "i" of § 3, of act 233, which reads as follows: "The test of a sale at retail is whether the sale is to a consumer for use and not for resale. Sales of goods which, as ingredients or constituents, go into and form a part of the tangible personal property for resale by the buyer are not within the act; also sale of tangible personal property where other property is accepted as part of purchase price, such personal property so accepted to be resold, is not subject to tax."

The appellant dealers had sold a number of these cars after the act became effective, which they had on hand prior to that date, and they sought by this proceeding to restrain the commissioner of revenues from attempting to enforce payment of the tax on such sales. A demurrer to the complaint praying this relief was sustained, from which decree is this appeal.

It was alleged in the complaint that the commissioner of revenues had properly ruled that automobiles accepted in trade after July 1, 1935, were not subject to the sales tax when resold because such sales are specifically exempted from the tax by the paragraph of the act above quoted. It is argued that this exemption from the tax applies to all sales of cars taken in part payment of other cars, whether they were acquired before or subse-

quent to July 1, 1935, and that to construe the act otherwise leads to the anomalous result of a dealer having cars acquired in an identical manner, on some of which a sales tax must be paid; on others not.

But it is not the acquisition of the car by the dealer for sale which is taxed. It is the sale thereof by the dealer upon which he must collect and account for the tax imposed upon that transaction. The first sentence of the paragraph above quoted is that: ''The test of a sale at retail is whether the sale is to a consumer for use and not for resale.'' The tax here sought to be collected is upon such a sale. The commissioner seeks to collect the tax upon cars that have been sold since July 1, 1935, and these sales are taxable unless an exemption is found in the paragraph of the act above quoted. It is not without significance that the car, the sale of which is exempted from the tax, is the car which ''is accepted as part of the purchase price'' and not cars which were or had been so accepted. The tax is due and collectible at the time the sale is made. All statutes have prospective operation only unless the terms thereof clearly show a legislative intention that they should operate retrospectively. *School District No. 41* v. *Pope County Board of Education,* 177 Ark. 982, 8 S. W. (2d) 501. The Sales Tax Act must be so construed.

In the recent case of *Wiseman, Commissioner* v. *Madison-Cadillac Company,* 191 Ark. 1021, 88 S. W. (2d) 1007, the contention was made that no tax was collectible upon the sale of automobiles, whether old or new, for the reason, there urged that, at the time of the passage of the sales tax law, there was already imposed a privilege or license upon automobiles. We held against that contention and in so holding, said that in all cases of doubt as to the inclusion of particular property within the terms of a revenue statute, the presumption was in favor of the taxing power and the burden was upon the claimant to establish clearly his right of exemption. This statement was reaffirmed in the still later case of *Wiseman* v. *Ark. Wholesale Grocers Association, ante* p. 313, 90 S. W. (2d) 987.

It is no doubt true, as counsel for appellants say in their brief, that the General Assembly was advised that sales of automobiles are commonly made by taking an old car in part payment of a new one, and that is true also of numerous other articles. It is argued therefore that when the tax is collected and reported on the total sales price on a new car, it would be double taxation to tax the subsequent sale of the old car which had been received in part payment of the new one.

The first answer to this argument, which suggests itself, is that no attempt is being made to collect the tax on the sale of the new cars made before July 1, 1935, in part payment of which the old cars were received, but sold subsequent to that date. The second answer is that we find no authority for the exemption in the act. The tax is imposed upon "all sales at retail of tangible personal property" (unless exempted therefrom). Paragraph "A," § 4, act 233 of 1935, p. 593. Automobiles, whether old or new, sold subsequent to the effective date of the act, are subject to the tax, unless received as part of the purchase price, since the act became effective. The appellant retailers should have collected the tax with which the revenue commissioner here charges them. Section 10 of the act (p. 597) requires the retailer who neglects, fails or refuses to collect the tax from his purchaser, to pay it himself.

The decree here appealed from so ordered, and, as it is correct, it must be affirmed.