ARKANSAS POWER & LIGHT COMPANY *v.* ROTH.

4-4608

Opinion delivered April 19, 1937.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

*Ingram & Moher,* for appellee.

SMITH, J. The parties to this litigation entered into a contract whereby appellant, a public utility corporation, agreed to generate and furnish appellee, a rice grower, with electric power to use in connection with the cultivation of his rice crop. Appellee was unable to pay for the current monthly, as bills were rendered, and he, therefore, gave appellant a chattel mortgage on all of his crop to secure the payment thereof, payable out of the proceeds of said crop. When the crop had been harvested appellee paid the account, but refused to pay the sales tax thereon of two per cent. Appellant refused to cancel and surrender the mortgage, and when appellee persisted in his refusal to pay the tax appellant gave notice that service would be discontinued. Thereupon appellee brought suit praying the cancellation of the mortgage, and that appellant be enjoined from discontinuing the service. The relief prayed was granted in the decree from which is this appeal.

For the affirmance of the decree, it is argued that the sales tax is not a debt secured by the mortgage, and that the right to enforce payment of the tax is vested solely in the Commissioner of Revenues.

By § 6 of the act under which the sales tax is enforced and collected it is provided that "The State Commissioner of Revenues shall administer and enforce the assessment and collection of the taxes and penalties imposed by this act. * * *." (Act 233, Acts 1935, page 591.)

Upon the question whether the tax is a debt, it may be conceded that it is not a debt in the sense that it is an obligation incurred by contract. But even that is not true here. The parties, by their contract for the service, have made it so. There appears in the application for service agreement the following recitals: "* * * it is understood and agreed that should the federal, state, or any county or city government levy any additional direct tax upon the sale or manufacture of electric power or energy power, gas energy or power, or water sales, that the above rates or existing taxes to which such direct taxes may be applicable thereto, shall be increased by the amount of such additional taxing."

However, appellee is liable for and must pay this tax even though he had not expressly contracted to do so. That obligation is implied by law.

Section 9 of the Sales Tax Act, *supra,* provides that "The tax hereby imposed shall be collected by the retailer from the consumer; and on or before the fifteenth day of June, 1935, and on or before the fifteenth day of each calendar month thereafter, the retailer shall make a return or returns to the Commissioner of Revenues upon forms furnished by said Commissioner, said return or returns to be made under oath or affirmation by the retailer." If the appellant utility company has complied with the law, and there is no intimation to the contrary, it has made report of and settlement for the electric current furnished appellee and other customers by or before the fifteenth of each month.

Section 10 of the act provides that "Any retailer who shall neglect, fail, or refuse to collect the tax herein

1018

provided upon any, every and all retail sales made by him or his agents or employees shall pay the same himself, which said amount may be collected by a distraint warrant as provided by § 18 of this act."

In § 17, it is provided that "It shall be unlawful for any retailer to assume or absorb the tax, or to advertise or hold out to the public or to any customer directly or indirectly that the tax, or any part thereof imposed by this Act will be assumed or absorbed by the retailer."

It thus appears to be the law that the retailer who fails, refuses or neglects to collect the tax must pay it himself, and that it is unlawful for the retailer to assume or absorb the tax.

It is argued that the retailer has not failed, refused or neglected to collect the tax, but has, on the contrary, made such effort to do so as the law requires and permits, and, having failed in the effort, the tax must now be collected by the Commissioner of Revenues under the authority and power conferred by § 6 of the act above quoted. It may be conceded that the utility company has not refused or neglected to collect the tax; but these are not the only conditions upon which the retailer is made liable for the tax. He is liable if he fails to collect it. He must add the tax to the sales price, and the sum total becomes the price which the purchaser must pay. The tax is a part of the cost to the consumer of the article sold. *S. R. Thomas Auto Co. v. Wiseman, Commissioner,* 192 Ark. 584, 93 S. W. (2d) 138.

The contention that the Commissioner of Revenues may pursue appellee for this tax affords him no relief here. The Commissioner may also pursue the retailer, and this is, no doubt, the usual practice. The enforcement of the law would be impracticable if the Commissioner were required to collect from the consumer, for obvious reasons.

In the case of *Wiseman v. Phillips,* 191 Ark. 63, 84 S. W. (2d) 91, in which the Sales Tax Act was held valid and constitutional, it was said: "It is certain that it is not a tax levied upon any one's occupation; therefore, not an occupation tax. The merchant is not taxed. He is

a tax collector. The tax is required of the purchaser, and the merchant must collect and account for it. The buyer's occupation is not taxed. It is not a pursuit or occupation to buy at retail for use or consumption."

It appears, therefore, that the utility company, not only had the right to collect the tax, but was under the duty to do so. Of course, with a commodity like electric power, it would not be possible to make collections as the power was furnished, for this was a constant and continuing act. The utility company might have made collections by or before the 15th of each month, when the law required it to make settlement; but this extension of indulgence in payment did not operate to deprive the utility company of the power, nor relieve it from the duty, of making the collection. By agreement of the contracting parties payment was due upon harvesting the rice crop, and, while this agreement was made at the peril of appellant and would not operate to relieve it from liability for failure to collect and make settlement with the revenue collector for the power sold, it does not have the effect of relieving appellee from liability to pay the tax. The tax was a part of the sales price and is, therefore, a part of the debt secured by the mortgage, the foreclosure of which may be had if appellee persists in his refusal to pay the debt which the mortgage secured.

It necessarily follows that the injunction restraining appellant from discontinuing service so long as appellee refused to pay the sales tax therefor must be dissolved. It is elementary to say that courts are without power to compel a dealer to furnish a commodity to a purchaser who refuses to pay for it.

The decree of the court below is, therefore, reversed, and the cause will be remanded with directions to enter a decree conforming to the views here expressed.