STATE REFUNDING BOARD *v.* SEBASTIAN BRIDGE DISTRICT.

4-5763                                             136 S. W. 2d 480

Opinion delivered February 5, 1940.

*Jack Holt, Attorney General* and *Leffel Gentry, Asst. Atty. General,* for appellant.

*James B. McDonough,* for appellee.

McHANEY, J. In the case of *Sebastian Bridge District* v. *State Refunding Board,* 197 Ark. 790, 124 S. W. 2d 960, we held that the board was required to pay the indebtedness of the district, consisting of bonds and interest coupons maturing October 1, 1938, in the sum of $44,075, and that since the board had remitted to the district only the sum of $14,765.80, it was still due to pay the district $29,309.20, which it did on February 27, 1939, by warrant at which time both warrants were cashed. On the remand of the case to the circuit court the district filed a supplemental amendment to the complaint alleging it was entitled to have a mandamus order requiring appellant to pay the interest accruing on the bonds of the district between October 1, 1938, and February 27, 1939, in the sum of $895.84, for the reason that such interest had accrued because of the wrongful refusal of appellant to pay the whole amount of its bond maturities and interest due October 1, 1938, and also to require appellant to pay the costs of $105.40 which accrued in the original case. The court granted the relief prayed and this appeal followed.

It was specifically held in the former appeal as follows: "It is our view that the language in act No. 10 (of 1939) pledging the state to pay 'all such principal and interest, when due,' was expressive of the legislative intent to assume the 1938 bond obligations, and the fact that some of the districts had funds on hand is immaterial."

But appellant did not make full payment until February 27, 1939, and the bonds of the districts were not paid until that time, but continued to draw interest, ac-

cording to their terms, after maturity and until paid at 5 per cent. per annum, which amounted to $895.84. Since the state assumed the payment of this indebtedness, it assumed all the obligations in the bonds evidencing the debt, and, as above stated, they bore interest from date at 5 per cent. until paid, and not having paid the bonds at maturity, it would seem necessarily to follow that it was obligated to pay the interest accruing after maturity just as it was to pay the interest before maturity.

But appellant says the district had sufficient money on hand, especially with the $14,765.80 warrant first remitted, to pay its maturities, both of principal and interest, on October 1, 1938, and that it should have done this to prevent the accrual of interest subsequent thereto. We cannot agree, as it was the duty of the board to pay, since the state had assumed and agreed to pay these obligations. Nor can we agree that appellant should have any reduction in the interest claimed because of the $14,765.80 warrant tendered the district prior to October 1. That was a tender in full of the state's obligation, which the district refused to accept as such and brought action for mandamus for the balance claimed. The amount of the obligation was in dispute and counsel for the district feared that if the warrant tendered were cashed and used, the right of the district to enforce payment of the balance might be imperiled. Whether this view was right or wrong, we think it one of precaution, and that the district should not now be penalized by the deduction claimed because the board failed to pay the whole amount due.

Affirmed. ▮▮▮▮▮▮