4-6697 161 S. W. 2d 955

Opinion delivered May 18, 1942.

*Jack Holt,* Attorney General, and *Millard Alford,*
Assistant Attorney General, for appellant.

*James B. McDonough,* for appellee.

*Neill Bohlinger, amicus curiae.*

McHANEY, J. In *Sebastian Bridge District* v. *State
Refunding Board,* 197 Ark. 790, 124 S. W. 2d 960, this
court said: "Since taxpayers of the Fort Smith area
have paid more than fourteen hundred thousand dollars

for a public bridge, and since acts 9 and 10 (of Special Session of 1938) were obviously intended as measures of relief to property owners, we think all bonds and interest maturing in 1938 should have been paid by the state.'' And we further said: "It is our view that the language in act No. 10 (of 1938) pledging the state to pay 'all such principal and interest when due,' was expressive of the legislative intent to assume the 1938 bond obligations, and the fact that some of the districts had funds on hand is immaterial." We there reversed the judgment of the Pulaski circuit court and directed that a writ of mandamus issue to the State Treasurer to pay a sum to appellee not to exceed $29,309.20, in addition to an outstanding state voucher for $14,765.80, the sum of which equaled the outstanding bonded indebtedness and interest of appellee, maturing in 1938, and also the whole amount of its outstanding bonded indebtedness, as this payment retired all of its bonds.

In *State Refunding Board* v. *Sebastian Bridge District*, 199 Ark. 944, 136 S. W. 2d 480, we held that, because the state did not pay the bond maturities of appellee on October 1, 1938, and did not pay same until January 27, 1939, during which time the bonds continued to bear interest amounting to $895.84, and costs of $105.40 were incurred by appellee in the former litigation, the state should pay the interest and costs incurred by its refusal to pay the amount due October 1, 1938.

This present action is one by the state to recover one-half the sum the appellee has on hand, resulting from the amounts collected by it from the sale of lands which it had acquired for delinquent taxes and from delinquent tax payments made to it, under the provisions of § 4 of act 330 of 1939, which reads as follows: "After all of the valid bonds and interest of any bridge improvement district have been paid in full, then all amounts collected from the sale of lands and from delinquent taxes shall be paid into the State Bridge Bond Retirement Fund. Provided, however, that bridge districts which have constructed bridges that are located within the corporate limits of towns of more than 2,500 inhabitants, shall only pay into the State Bridge Bond

Retirement Fund fifty per cent. of all amounts collected from the sale of lands and from delinquent taxes and shall retain the remaining fifty per cent. for maintenance and repairs of said bridges, as the State Highway Department maintains no roads or bridges within the corporate limits of towns with a population of 2,500.''

The state has not paid the $1,001.24 adjudged against it for interest and costs in the case next above mentioned, and it seeks a credit for said amount against the amount to be here recovered. To a complaint praying this relief, a demurrer was interposed on numerous grounds and sustained. Appellant declined to plead further and its complaint was dismissed for want of equity.

We think the court correctly sustained the demurrer. The act above quoted is no authority for this action. One of the conditions of the act is "that bridge districts which have constructed bridges that are located within the corporate limits of towns of more than 2,500 inhabitants, shall," etc. Of course we judicially know that Fort Smith is a city of more than 2,500 inhabitants. We also know that appellee built a bridge across the Arkansas River, more than half of which is in Oklahoma and which part is not in Fort Smith. Therefore, it cannot be said that the bridge is "located within the corporate limits" of Fort Smith, and said act has no application to appellee district.

Another reason why said act 330 has no application here is that a reading of its title and the context of the body of the act shows that it is intended to apply prospectively and not retroactively. There is no express provision making it retroactive. The title of the act says it shall amend said act 9 of 1938 "and to provide for the payment of the maturing bonds and interest of bridge improvement districts, and to make appropriations therefor." The act could not affect appellee district in these particulars as the state had already paid all its bonds and interest on January 27, 1939, long before act 330 was enacted or became effective. It was approved March 15, 1939, but had no emergency clause, and became effective 90 days after adjournment of the legislature. A mere casual reading of the act shows it was to operate pros-

pectively, but if it did not, the rule is that statutes should be construed as having prospective operation only, unless a contrary intent is definitely expressed or necessarily implied from the language used. *Am. Refrig. Transit Co.* v. *Stroope,* 191 Ark. 955, 88 S. W. 2d 840; *S. R. Thomas Auto Co.* v. *Wiscman,* 192 Ark. 584, 93 S. W. 2d 138; *Roberson* v. *Roberson,* 193 Ark. 669, 101 S. W. 2d 961. Generally, the legislature is presumed not to have intended retroactive operation of a statute. *Coco* v. *Miller,* 193 Ark. 999, 104 S. W. 2d 209.

Therefore, the statute relied upon does not authorize the state to recover the surplus funds in the hands of appellee, realized from the sale of land or the collection of delinquent taxes, and the court correctly sustained the demurrer and dismissed the complaint as being without equity.

Affirmed.