HARDIN, COMMISSIONER OF REVENUES, *v.* VESTAL.

4-6798                                    162 S. W. 2d 923

Opinion delivered June 15, 1942.

*Leffel Gentry* and *Elsijane Trimble,* for appellant.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellee.

McHANEY, J. Appellee brought this action against appellant, as a class suit, to enjoin appellant from collecting or attempting to collect a sales or gross receipts tax from him, or others similarly situated, based on the gross receipts or gross proceeds derived from the sale of raw products produced by them, either from the farm, orchard or garden, where such sale is made by them directly to the consumer or user from an established business located on their farms where said products are produced. The act under which the tax is proposed to be levied is No. 386 of 1941. His complaint, in addition to alleging that he is a citizen and resident of Pulaski county and is a florist and nurseryman, operating a floral farm and nursery in said county, also alleged that he is engaged in selling products derived from his farm, orchard and garden, that is, flowers, shrubs, fruit trees and plants from an established place of business located on his farm, where such products are grown; that said act "is discriminatory, arbitrary and unreasonable in attempting to levy a tax against him as a florist and nurseryman for gross receipts or proceeds derived from the sale of said raw products made directly to consumer and user from said established place of business located on his farm and produced on said farm; that said act deprives plaintiff and others similarly situated of their privileges and immunities contrary to the constitution of the United States and the state of Arkansas, and the provisions therein made and provided." The equal protection clauses of both constitutions are also invoked.

Appellant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The court overruled the demurrer. Appellant refused to plead further, but stood on his demurrer, and the court entered a decree enjoining appellant from attempting to collect the tax as prayed. This appeal followed.

The particular section of said Act 386 of 1941 complained of is subsection (u) of § 4, which provides: "Gross receipts or gross proceeds derived from the sale of any cotton or seed cotton or lint cotton or baled cotton, whether compressed or not, or cotton seed in its original condition; gross receipts or gross proceeds derived from the sale of raw products from the farm, orchard, or garden, where such sale is made by the producer of such raw products directly to the consumer and user; gross receipts or gross proceeds derived from the sale of livestock, poultry, poultry products, and dairy products of producers owning not more than five cows; exemptions granted by this subdivision shall not apply when such articles are sold, even though by the producer thereof, at or from an 'established business'; neither shall this exemption apply unless said articles are produced or grown within the state of Arkansas. Provided, however, nothing in this subsection shall be construed to mean that the gross receipts or gross proceeds received by the producer from the sale of the products mentioned herein shall be taxable when the producer sells at an 'established business' located on his farm commodities produced on the same farm. The provisions of this subsection are intended to exempt the sale by livestock producers of livestock sold at special livestock sales. The provisions of this subsection shall not be construed to exempt sales of dairy products by any other businesses. The provisions of this subsection shall not be construed to exempt sales by florists, nurserymen and chicken hatcheries."

It was appellee's contention in the court below and is here that the act, as interpreted by appellant, is unconstitutional because the classification made by the legisla-

ture in subsection (n) of § 4 of said act is unreasonable, discriminatory and arbitrary. It is conceded that, "If the classification is reasonable and is not arbitrary or capricious, then there is no unconstitutionality." Appellee's brief. The concession is well taken. The tax levied by the act is an excise or privilege tax. *Wiseman* v. *Phillips,* 191 Ark. 63, 84 S. W. 2d 91; *Ark. Power & Light Co.* v. *Roth,* 193 Ark. 1015, 104 S. W. 2d 207. It is difficult to perceive what right appellee has to complain of the tax levied by the act as he is not required to pay the tax in the first instance, because the third paragraph of § 7 provides: "The seller, or person furnishing such taxable service, shall collect the tax levied hereby from the purchaser." So, appellee is not taxed. As we said in the Wiseman case, "He is a tax collector." But assuming, for the purpose of this opinion, that he has such right, we cannot agree that the classification made by the act is unreasonable or arbitrary. Subsection (n) provides for exemption from the tax on gross receipts from sale of certain farm produce including cotton, cotton seed; raw products from farm, orchard or garden; livestock, poultry, poultry products and dairy products of producers owning not more than five cows. Also exempt from the tax are the gross receipts received by the producer from the sale of the above products "when the producer sells at an 'established business' located on his farm commodities produced on the same farm." The concluding sentence of this paragraph is: "The provisions of this subsection shall not be construed to exempt sales by florists, nurserymen and chicken hatcheries."

It is true that the products exempted by the act are agricultural products and that agriculture, in its broadest sense, includes horticulture, and that horticulture includes floriculture and viticulture. The florist is engaged in floriculture, and, according to Webster, is "a cultivator of, or dealer in, ornamental flowers or plants." Appellee is both a cultivator and a dealer in ornamental flowers and plants. He operates a florist shop in the city of Little Rock and he concedes he is liable for the tax on gross receipts of sales made there. But, as to those he sells on his farm, where he grows the flowers and plants,

he contends the classification is arbitrary because farm products as defined in the act are exempt. Appellee is also a nurseryman. That business is a branch of horticulture, says Webster, and is "a place where trees, shrubs, vines, etc., are propagated for transplanting or for use as stalks for grafting; a plantation of young trees or other plants." Simply because the legislature saw proper to exempt certain farm produce and livestock, agricultural products, from the tax imposed, and specifically refused to exempt florists' and nursery products, is no reason to say the classification made is arbitrary, unreasonable and capricious. It is true that all grow from the soil, but the products grown by farmers are entirely separate and distinct from the products grown by florists and nurserymen. It is not contended by appellee that the act discriminates against him in favor of other florists and nurserymen, and it does not, because it applies to all in his class alike by requiring the tax to be paid.

In *Williams* v. *City of Bowling Green*, 254 Ky. 11, 70 S. W. 2d 967, the Supreme Court of Kentucky said: "Whether a particular classification offends or does not offend the equal protection clause of the Fourteenth Amendment has been the subject of numerous decisions by the United States Supreme Court. The principles established by those decisions are in brief as follows: The restriction imposed by the Fourteenth Amendment does not compel the adoption of an iron-clad rule of equal taxation, nor prevent a variety of differences in taxation, or discretion in the selection of subjects or the classification for properties, businesses, callings or occupations. The fact that a statute discriminates in favor of certain classes does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, or if any state of facts reasonably can be conceived to sustain it." The above quoted statement is in substance the holding of the United States Supreme Court in *State Board of Tax Commissioners of Indiana* v. *Jackson*, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464, 75 A. L. R. 1536, and it was there further held that the legislature may not only classify, but, for taxation purposes, it may subdivide classes into particular classes. It was there

said, to quote headnote No. 7: ''An Indiana statute lays an annual license tax on stores, increasing progressively with the number of stores under the same general management, supervision or ownership—such that, in the present case, the owner of a 'chain' of some 225 stores selling groceries, fresh vegetables and meats, was obliged to pay $5,443, whereas the owner of a single store only, though it involved a much greater investment and income, would pay but $3. Held not violative of the equal protection clause, in view of the distinctions and advantages which combine and are exerted in a single ownership and management of a series of like stores in different locations, as compared with mere cooperative associations of independent stores, or with department stores selling many kinds of goods under the same roof.''

Therefore, even though the business of the florist and nurseryman are subdivisions of agriculture, it is not difficult to distinguish their business from that of the farmer. Farming—the growing of grain, cotton, livestock, poultry and other produce—is absolutely essential to the life of the nation, while the growing of flowers and plants and of fruit trees and shrubs is not. Nor do we mean to minimize the importance of the latter. We merely point out one distinction to show that the classification made by the legislature is not arbitrary or unreasonable, and especially is this true in view of the well settled rule that the law must be sustained, ''if any state of facts reasonably can be conceived to sustain it.'' Other distinctions might be pointed out, but we deem it unnecessary to do so.

We think it unnecessary to cite and comment on the numerous cases cited by the parties, as to do so would greatly extend this opinion to no practical purpose.

Appellee makes the further argument that the act does not apply to him. He evidently thought it did when he brought this suit and we think it does. He alleges that he is a florist and a nurseryman, and the act specifically says his sales shall not be exempt from the tax.

The decree will, therefore, be reversed, and the cause remanded with directions to sustain the demurrer, and for further proceedings not inconsistent with this opinion.

498

Holt, J., (dissenting). I am so thoroughly convinced that the decree of the trial court should be affirmed, that I am impelled to dissent.

I think the learned chancellor was correct in his view that that part of the Gross Receipts Tax Law in question, under which appellant sought to force appellee to pay the tax, when similar sales by other farmers, or agriculturists, were exempt, though made exactly in the same circumstances—that is from locations on their farms—was class legislation, arbitrary, discriminatory and void.

Article 14 of § 1 of the Constitution of the United States guarantees to appellee the equal protection of the laws and under the Constitution of Arkansas all taxes imposed upon any one class of citizens of this state must be equal and uniform. The tax sought to be imposed here is an excise tax and cannot be upheld if the legislature's classification of appellee is arbitrary, discriminatory or unreasonable.

The facts are not in dispute. It is conceded here by all parties that the appellee is a farmer or one engaged in agricultural pursuits. He confines his farming operations to raising many varieties of fruit trees, flowers, vegetables and berry plants. He sells plants for the production of grapes, strawberries, blackberries, and many other kinds of berries. He sells many types of fruit and nut trees such as apple, cherry, plum, pecan, etc. A large part of his business consists of the sale of vegetable plants to the farmer and the gardener. Appellee sells these farm products from an established place of business which is located on his floral and nursery farm.

Appellee also maintains in Little Rock, Arkansas, a place of business where cut flowers are sold, on which he pays the two per cent. sales tax. Appellee makes no contention that he should not pay this tax on sales from his flower shop.

The act exempts from the tax sales of products made by the farmer to the consumer, or user, from a place of business on the farm. When sales are made to a consumer from a place of business located on the farm by the ordinary grain farmer, cotton farmer, stock farmer,

fruit farmer, truck farmer, floral farmer, or nursery farmer, the two latter sales are taxed, but the sales of each of the former are not taxed, even though all may sell raw products from the farm, including products sold by appellee.

I am unable to distinguish between the sale of a fruit tree, or a strawberry plant, and the sale of the fruit from the tree or the plant. It seems to me to be splitting hairs, and a strained construction, to distinguish between the sale of vegetable plants and the sale of the vegetables themselves after full growth. If the majority opinion be correct in holding that the legislature's classification of appellee is reasonable, then there is nothing to prevent subsequent legislatures from subdividing for taxing purposes, the farming industry into as many classifications as there are products produced on farms. Such classifications should be based upon commonsense and reason. We cannot get away from, or escape the fact that one who tills the soil and produces grains, cotton, vegetables, or fruits, flowers, fruit trees, berry or vegetable plants therefrom, is a farmer and so classed, and I believe that appellee's constitutional rights have been invaded when the legislature singles him out as a man who only produces flowers, nursery products and plants, and forces him to pay the tax, and exempts farmers who do not confine what they produce on their farms to those produced by appellee, and attempts to exempt them from the tax imposed on appellee.

The general rule on classification for legislative purposes is stated in *Fountain Park Co.* v. *Hensler,* 199 Ind. 95, 155 N. E. 465, 50 A. L. R. 1518: "In determining the legality of classifications, the subject to be regulated, the character, extent and purpose of the regulation, the classes of persons or corporations legally and naturally affected by the regulation should all be considered. One of the essential requirements in order that the classification may not violate the constitutional guaranty as to equal protection of the laws is that it must be reasonable and natural and not capricious or arbitrary. 12 C. J. 1128-1130; 6 R. C. L. 373-386, and cases cited.

"The law requires something more than a mere designation of characteristics which will serve to divide into groups. Arbitrary selection or mere identification cannot be justified by calling it classification. *Gulf, C. & S. F. R. Co.* v. *Ellis,* 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666; *Rosencranz* v. *City of Evansville,* 194 Ind. 499, 143 N. E. 593; *McKinster* v. *Sager,* 163 Ind. 671, 72 N. E. 854, 68 L. R. A. 273, 106 Am. St. Rep. 268. The characteristics which can serve as a basis of a valid classification must be such as to show an inherent difference in situation and subject-matter of the subjects placed in different classes which peculiarly requires and necessitates different or exclusive legislation with respect to them. (Citing cases.)

"A proper classification must embrace all who naturally belong to the class, all who possess a common disability, attribute or qualification, and there must be some natural and substantial difference germane to the subject and purposes of the legislation between those within the class included and those whom it leaves untouched. (Citing cases.) The legislature cannot take what might be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered fractions of the original unit as two classes, and thereupon enact different rules for the government of each. *State* v. *Julow,* 129 Mo. 163, 29 L. R. A. 257, 50 Am. St. Rep. 443, 31 S. W. 781; *State* v. *Miksicek,* 225 Mo. 561, 135 Am. St. Rep. 597, 125 S. W. 507."

And in *Chicago* v. *Ames,* 365 Ill. 529, 7 N. E. 2d 294, 109 A. L. R. 1509, the Supreme Court of Illinois said: "The general assembly may properly select a certain class and impose a tax upon it to the exclusion of all others, provided there is in such discrimination a reasonable basis of difference when considered in relation to the purposes of the act, but the general assembly may not properly exclude from a classification persons or things which in fact belong to such class. It may not legislate against the fact. *Winter* v. *Barrett,* 352 Ill. 441, 186 N. E. 113, 89 A. L. R. 1398."

As said before, appellee is in fact a farmer belonging to a particular class and as said in the Ames case, *supra,*

the legislature cannot legislate against a fact. Here the legislature, as I view it, has attempted to divide a natural class of persons, the farming class to which appellee belongs, and this, I think, it does not have the power to do.

This court in *Waters-Pierce Oil Co.* v. *Hot Springs,* 85 Ark. 509, 109 S. W. 293, 16 L. R. A., N. S., 1035, said: "It does not palliate the discriminatory effect of the ordinances to say that all persons who use wagons for the delivery of oil are taxed, for there is no sound reason why those who use wagons for that purpose should be taxed for such use when those who use the same kind of wagons for other purposes are exempted entirely or are allowed to escape with a substantially smaller tax. The fact that a discriminatory tax applies to all persons of a given class does not render it any the less obnoxious as an unjust discrimination against a class of citizens."

Appellant argues that appellee is not called upon to pay the tax, but that he is a tax collector. This is only partially true. Appellee is required, under the act, to collect the tax from the purchaser, but in the event the purchaser fails to pay, then appellee himself is required to pay the tax. In any event, the appellee, by virtue of the tax, is certainly being discriminated against unfairly when he under the act is required to sell his farm products to customers at a greater price than other farmers similarly situated selling the same products.

The economic well-being of this nation depends upon its farmers. As has been aptly said, if the farmers were to cease to produce, the grass would grow in the streets of our cities. But for the products and food, fruits and vegetables the farmers produce the city dweller would starve. It is my view that the decree should be affirmed.

Mr. Justice HUMPHREYS joins me in this dissent.