CHENEY, COMMISSIONER *v.* FREDERICK.

5-3564                                          390 S. W. 2d 121

Opinion delivered May 17, 1965.

[Rehearing denied September 20, 1965.]

*Lyle Williams,* for appellant.

*Tom Gentry,* for appellee.

FRANK HOLT, Associate Justice. This is an appeal by the Commissioner of Revenues of the State of Arkansas from an adverse decree of the Pulaski Chancery Court holding that a house trailer was not subject to the gross receipts tax claimed to be due to the State.

The parties stipulated that appellees purchased a house trailer on July 3, 1958 from a dealer, the Twin City Mobile Homes Company of North Little Rock, Arkansas, and since that date have used it for a home in such a manner as not to require licensing under the laws of the State of Arkansas; that no license has ever been issued; that the appellees did not report the purchase to the Commissioner and no gross receipts tax has ever been paid on the purchase by the appellees. It appears that the appellant had no knowledge of the sale until on or about October 28, 1963 when an auditor of the State Revenue Department made an assessment of the tax due. The appellees were given notice of the assessment of $207.49 and the intention of the Commissioner to file a Certificate of Indebtedness if the appellees did not pay the tax or request a hearing within the time allowed by law. When the appellees did neither, the Certificate of Indebtedness was filed against them on May 13, 1964 in the Circuit Court of Pulaski County.

A few days later, appellees filed in Pulaski Chancery Court their petition requesting a temporary injunction to restrain the appellant from proceeding to collect the tax from them by enforcing the Certificate of Indebtedness. Appellees denied any liability for the tax contending that under the provisions of Ark. Stat. Ann. §84-1903 (Repl. 1960) the Gross Receipts Tax does not apply to a trailer which is not required to be licensed and, further, even if such tax were due and payable at the time of the sale the appellant was barred from collecting the tax by the Statute of Limitations. Ark. Stat. Ann. §84-1910 (a). The Chancery Court upheld the appellees on both of their contentions and from the decree making the injunction permanent this appeal arises.

For reversal appellant relies upon Ark. Stat. Ann. §84-1903 (a) which levies a 3% sales tax upon all sales of ''tangible personal property''. Appellant ably and strenuously contends that the Act specifically provides that the gross receipts tax applies to the ''sale'' of a house trailer not requiring a license since it is tangible personal property. Even so, the Act makes the seller

and not the purchaser, the consumer, liable to appellant for the tax. The seller is the tax collector in the sale of tangible personal property. This burden of collecting, reporting and remitting the sales tax was held by us to be reasonable and practical in the case of *Wiseman* v. *Phillips,* 191 Ark. 63, 84 S. W. 2d 91. The rationale behind the legislative requirement that the seller is liable for the collection of the sales tax is well expressed in *Arkansas Power & Light Co.* v. *Roth,* 193 Ark. 1015, 104 S. W. 2d 207: ''The enforcement of the law would be impracticable if the Commissioner were required to collect from the consumer, for obvious reasons.''

In reviewing this statute we find no provision authorizing the appellant to proceed against the consumer, as in the case at bar, by issuing and enforcing a Certificate of Indebtedness against him for his failure to pay the sales tax. Certainly, it would be impractical and unreasonable to expect the consumer, the buying public, to know when a sales tax is owed and, if so, to whom it should be paid. Under the clear provisions of the statute the onus of collecting the gross receipts sales tax has been placed upon the seller except and only when the article sold is required to be licensed, in which event the consumer is required to pay the tax to the Commissioner before a license can be issued. It is admitted that the trailer in question was not required to be licensed since it was not used upon our highways. Thus, there was no duty upon the appellees, as buyers, to pay the appellant the claimed tax. In connection with the payment of the tax, attention is directed to Act 146 of 1965.

Having determined the appellees are not liable to appellant in the instant case, it becomes unnecessary for us to reach a discussion of the application of the Statute of Limitation.

Affirmed.

WARD, J., dissents.

PAUL WARD, Associate Justice (dissenting). For reasons hereafter set out this case, in my opinion, should be reversed.

The majority, in affirming, appear to rely on two points or conclusions, neither of which, in my opinion, is sound. Both are presently discussed.

(a) The majority state: ". . . the Act [Act 386 of 1941—Ark. Stat. Ann. § 84-1903 (Repl. 1960)] makes the seller and not the purchaser, the consumer, liable to appellant for the tax''. I agree that, in the case of merchandise sold in stores (and in other instances) the above statement of the rule is correct, but the majority fail to point out an exception to the above rule. In a sub-paragraph to said § 84-1903 it is plainly stated that in the case of new and used cars the tax "shall be paid to the Commissioner of Revenues". That being true, what about trailers? Is it not logical to suppose that anyone who purchases a trailer would also be required to pay the tax to the commissioner? However, we are not left to supposition. In the same section it says the provisions of the section (about paying to the commissioner) applies to trailers. The majority, I am sure, would readily agree that if the purchaser of a trailer intended to use it on the road he would be required by the section in question to report to the commissioner and pay not only the 3% tax but also pay for a license for the trailer. But, if the purchaser reports to the commissioner and convinces him the trailer would never be used on the road, no license would be payable although the 3% tax would be payable. Any other interpretation of the Act would lead to a ridiculous situation—that is, it would allow the appellees themselves in this case to decide (without reporting to the commissioner or anyone else) whether (a) they owed the 3% tax and (b) whether the trailer would be used on the road or used as a home.

To me it is clear from § 84-1903 that appellees owe the 3% tax even though the trailer was not to be used on the road. The trailer admittedly is personal property and taxable under § 84-1903 (a). If it is not taxable in this case it must be because it is exempted under § 84-1903 (e). However, if there is any doubt about the exemption it must be resolved against appellees. See: *Morley, Commissioner of Revenues* v. *E. E. Barber Con-*

*struction Co.,* 220 Ark. 485, 248 S. W. 2d 689. That opinion, at page 491 of the Arkansas Reports, quoted, with approval, the following: " '. . . We must apply the familiar rules that an exemption from taxation must be strictly construed and to doubt is to deny the exemption' ". In the case of *Scurlock, Commissioner of Revenues* v. *Henderson,* 223 Ark. 727, 268 S. W. 2d 619, this Court had this same question before it and at page 730 of the Arkansas Reports again quoted, with approval, this language:

". . . every reasonable intendment must be made that it was not the design to surrender the power of taxation, or to exempt any property from its due proportion of the burden of taxation".

To ask the following question is, it seems to me, to answer it in the negative: Can it logically and sensibly be said that the legislature (in said Act 386) meant to tax the sale of every conceivable kind of personal property (including the various services enumerated in § 3) but did not intend to tax the sale of a trailer?

We agree with the cases cited by the majority holding the legislature had the right to require the seller (retailer) to collect the sales tax. This, however, in no way means the legislature did not also have the right (as it did regarding sales of automobiles) to require the consumer (or purchaser) to pay the tax to the Commissioner of Revenues. Therefore the cases referred to have no bearing on the issue here involved.

The majority also call attention to Act 146 of 1965, but I fail to see how that Act has any significance in this case. Section 1 provides that persons selling trailers must obtain a permit; § 2 makes the tax apply to used trailers unless the tax has already been paid; § 3 requires the dealer to provide bond; § 4 provides how a dealer may lose his permit; § 5 fixes the effective date of the Act; § 6 repeals all conflicting laws; and, § 7 is the emergency clause.

My purpose in setting out fully the provisions of the 1965 Act was to confirm and emphasize my contentions

in this case. Section 2 of said Act makes it plain that the sales of *used* trailers are subject to the tax. Surely no one would contend that the legislature intended (by Acts 386 of 1941 and 146 of 1965) to place a tax on the sale of *used* trailers and not on *new* trailers. To my mind the legislature (by the passage of the 1965 Act) makes it clear it meant (by Act 386) to levy a tax on the sale of new trailers.

Since it is my opinion that it was the duty of appellees to report their purchase of the trailer to appellant, they cannot now take advantage of their own dereliction to avoid payment of the tax.