HAND DELIVERED
Honorable Bill Clinton, Governor Office of the Governor State Capitol Building Little Rock, AR 72201
Dear Governor Clinton:
You have requested an official opinion concerning the constitutionality of proposed House Bill 1343. As you know, this proposed Bill would amend Arkansas law to suspend the current two percent (2%) discount for prompt payment of Arkansas' gross receipts tax by vendors for the months of January, February, March, April and May, 1987. Currently, the taxpayer-vendor remits to the Department of Finance and Administration ninety-eight percent (98%) of the tax due to the State so long as said taxpayer-vendor remits such tax on or before the twentieth (20th) day of the applicable month.
Arkansas' Constitution of 1874 grants its citizens rights of life, liberty and the possession and protection of property as does the United States Constitution. Art. 2, 2. In addition, 22 of Article 2 provides that the right of property is before and higher than any constitutional sanction and private property shall not be taken, appropriated or damaged for public use without just compensation therefor.
Presumably, taxpayer-vendors who would not be allowed the two percent (2%) discount for prompt payment of the gross receipts tax for the months in question pursuant to House Bill 1343 would base any constitutional challenge to that Bill's provisions on the deprivation of their "property" without adequate justification being asserted by the State.
It is my opinion that House Bill 1343 is not constitutionally deficient in this regard for the following reasons.
The Arkansas Supreme Court has, on several occasions, held that the gross receipts tax is in the form of an "excise" or "privilege" tax of which the Legislature has broad discretion in determining method and manner of payment. See, Wiseman v. Phillips, 191 Ark. 63, 84 S.W.2d 91; (1935); Arkansas Power and Light Company v. Roth, 193 Ark. 1015, 1018, 104 S.W.2d 207 (1937); (based on current gross receipts tax's predecessor); Hardin v. Vestal, 204 Ark. 492, 495, 162 S.W.2d 923 (1942).
In addition, the gross receipts tax is only collected by the taxpayer-vendor who serves as a conduit from the consumer of the product to the State of Arkansas.
Certainly, the Legislature can provide that statutorily created tax collectors as agents of the State may receive compensation for their collecting services pursuant to statutory authority. See, Mears v. Little Rock School District, 268 Ark. 30,593 S.W.2d 42 (1980). The Legislature has, in the past, provided that taxpayer-vendors may receive such a "commission" in the amount of two percent (2%) of collections actually due the State as an incentive for prompt transmittal of the collections. Ark. Stat. Ann. 84-1915 ;(Repl. 1980).
This statutory incentive or commission is allowed as a matter of legislative prerogative, however does not imbue the collector with a property right, other than that legislatively given, to receive such commissions. House Bill 1343 would merely suspend the commissions for a fixed time.
This fact, coupled with the Legislature's broad powers with respect to taxation, Potts v. McCastlain, 240 Ark. 654, 657,401 S.W.2d 220 (1966), cert. den., 385 U.S. 946 (1966), make it unlikely that a challenge based on the alleged unconstitutional taking of property by House Bill 1343 would prevail.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General, R.B. Friedlander.