The Honorable George Hopkins State Senator Box 78, Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Whether a rural telephone cooperative operating in this state pursuant to Arkansas Code Annotated 23-17-201, ET SEQ., is exempt, under Arkansas Code Annotated 23-17-230, from any of the following taxes: (1) sales taxes levied by Arkansas counties; (2) sales tax levied by Arkansas municipalities; (3) the annual fee assessed by the Public Service Commission on the gross assessable revenues of public utilities; (4) real property taxes levied by Arkansas counties; (5) real property taxes levied by Arkansas municipalities; and (6) personal property taxes levied by Arkansas counties.
It is my opinion that a rural telephone cooperative is not exempt from any of the taxes or fees listed above.
With regard to county sales taxes, A.C.A. 26-74-312(b) states the following concerning taxes imposed under 26-74-301, ET SEQ:
 The director shall collect, in addition to the state gross receipts tax, an additional tax under the authority of this subchapter on the gross receipts from the sale at retail within the county of ALL ITEMS SUBJECT TO THE ARKANSAS GROSS RECEIPTS ACT, 26-52-101, et seq. [Emphasis added.]
SEE ALSO A.C.A. 26-74-209(d).
Section 26-75-214(b) states as follows with regard to the municipal sales and use tax imposed under 26-75-201, ET SEQ.:
 The director shall collect, in addition to the state gross receipts tax and compensating tax, an additional tax under the authority of this subchapter on the receipts from the sale at retail or on the sale price or rental price on the storage, use, or other consumption of all taxable items within the city WHICH PROPERTY IS SUBJECT TO THE ARKANSAS GROSS RECEIPTS ACT, 26-52-101, ET SEQ. and Arkansas Compensating Tax Act, 26-53-101, et seq. [Emphasis added.]
SEE ALSO A.C.A. 26-75-307(b), 26-75-405(a), and 26-75-502(a).
It must be concluded from these provisions that a rural telephone cooperative is not exempt from county or city sales taxes. The cooperative is subject to the Arkansas gross receipts tax[1]; and the local sales taxes cited about apply to the sale of all items which are subject to the state gross receipts act.
With regard to the annual fee assessed by the Public Service Commission (A.C.A. 23-3-110 (Supp. 1987)), it is my opinion that this fee is not in the nature of an excise tax, and therefore is removed from the exemption contained in 23-17-230. See BORCHERT v. SCOTT, 248 Ark. 1041, 1050-S, 460 S.W.2d 28 (1970) (An "excise" tax is an `"inland imposition paid sometimes upon the consumption of the commodity, and frequently upon the retail sale."' CITING Black's Law Dictionary.)
With regard to real and personal property taxes, there is extensive authority for the proposition that these taxes are distinguishable from excise taxes. SEE, e.g., BORCHERT v. SCOTT, SUPRA, SPARLING v. REFUNDING BOARD, 189 Ark. 189, 71 S.W.2d 182
(1934); HARDIN v. VESTAL, 204 Ark. 492, 162 S.W.2d 923 (1942). It is therefore my opinion that the excise tax exemption under23-17-230 does not encompass county and city real property taxes or county personal property taxes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 23-17-230 exempts telephone cooperatives organized under 23-17-201, et seq. from ". . . all other excise taxes of whatsoever kind or nature EXCEPT THE ARKANSAS GROSS RECEIPTS TAX AND THE ARKANSAS COMPENSATING TAX." [Emphasis added.)