WISEMAN, COMMISSIONER OF REVENUES *v*. TOWN OF OMAHA.

4-4339

Opinion delivered May 11, 1936.

*Carl E. Bailey,* Attorney General, and *Thomas Fitzhugh,* Assistant, for appellant.

*Clyde T. Ellis,* for appellee.

McHANEY, J. The village of Omaha is situated on U. S. Highway No. 65 in the northern part of Boone county, Arkansas, about 3¼ miles south of the Missouri-Arkansas State line. Subsequent to January 1, 1935, it has been incorporated, the exact date not being shown, under the corporate name of Omaha, and its corporate

limits so fixed as to include the former unincorporated village and all the land on either side of said highway to the Missouri-Arkansas State line. The principal, if not the sole, object of so incorporating it as a town was to enable filling station operators in said town to compete with Missouri operators in the sale of gasoline under the provisions of § 1 of act No. 147 of the Acts of 1935. Appellant refused to recognize the right of gasoline dealers in said town to settle with the State on the basis of the Missouri rate of tax, 2½ cents per gallon, but collected from them the full Arkansas rate of tax, 6½ cents per gallon. The appellee, Incorporated Town of Omaha, brought this action to enjoin appellant from so doing. A demurrer was interposed to the complaint which was overruled, and, upon appellant's declining to plead further, the court permanently enjoined him from collecting the Arkansas rate of tax, and held that gasoline should be sold in said town at the Missouri rate.

Section 1 of said act 147 of 1935, p. 419, reads as follows: "Where any city or incorporated town shall border on a State line, the tax on motor vehicle fuel sold by any dealer in such city or incorporated town on the Arkansas side of the State line to the owner or owners of a motor vehicle and delivered directly into the regular fuel tank on the motor vehicle for immediate use therein, shall be the rate provided by law in such adjoining State, such rate not to exceed the rate in this State; provided, however, that where the State line is the center or the main channel of the Mississippi River this section shall not apply; and provided, that such fuel shall be sold to retail fuel or gasoline dealers located within the corporate limits of such cities and towns and delivered directly into the underground storage tanks of such dealers; and provided further that no existing city or incorporated town shall take advantage of this act whose corporate limits did not, on January 1, 1935, extend to within two miles of said State line."

It will be seen that the exemption from the Arkansas rate of tax applies only to cities and incorporated towns that border on a State line; "and provided further that no existing city or incorporated town shall take

advantage of this act whose corporate limits did not on January 1, 1935, extend to within two miles of said State line.'' The exemption does not apply to unincorporated villages and towns bordering on a State line or within two miles thereof, and we think it applies to ''existing'' cities and incorporated towns only, that is such as were in existence on January 1, 1935, and then not to them, if their corporate limits were not within two miles of a State line on said date. In other words, cities and incorporated towns more than two miles distant from a State line on January 1, 1935, could not extend their corporate limits and come under the exemption of the act. There is no provision to be found in the act that authorizes an unincorporated community to organize itself into a municipal corporation after January 1, 1935, bordering a State line, and thereafter come under the exemption provisions of said act. To so hold, we would have to read something into the act which is not there.

In the recent case of *Wiseman, Commissioner of Revenues* v. *Arkansas Wholesale Grocers' Ass'n, ante* p. 313, 90 S. W. (2d) 987, we said: ''In construing statutes it is the duty of the courts to give them a reasonable, sensible interpretation, and where the language is clear and unambiguous, it is only for the courts to obey and enforce the statutes. *Boyer-Campbell* v. *Fry,* 271 Mich. 282, 260 N. W. 165, 98 A. L. R. 827.'' We there also quoted with approval from *Wiseman, Commr. of Revenues* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. (2d) 1007, the following: ''In all cases of doubt as to the legislative intention, or as to the inclusion of particular property within the terms of the statute, the presumption is in favor of the taxing power, and the burden is on the claimant to establish clearly his right to exemption, bringing himself clearly within the terms of such conditions as the statute may impose.''

These decisions had reference to exemption from the sales tax, but the same rule applies. Appellee seeks to exempt its gasoline dealers from the Arkansas rate of tax which is 4 cents per gallon higher than the Missouri rate, under the provisions of said act 147. Since,

as we have shown, said act does not authorize the exemption, the courts cannot do so by construction.

The decree will be reversed, and the cause dismissed.