BANGS v. McCARROLL, COMMISSIONER OF REVENUES.

4-6282                                                      149 S. W. 2d 53

Opinion delivered March 31, 1941.

*Albert J. DeMers,* for appellant.

*Elsijane Trimble, Henry Gregory, Jr.,* and *Frank Pace, Jr.,* for appellee.

HOLT, J.   Appellants, Roy Bangs and W. J. McPike, filed complaint in the Pulaski chancery court in which they alleged that they "own and operate a number of automatic music phonographs and automatic amusement games, all of which are placed in cafes and taverns on commission with the owners thereof. . . .

"That act 201 of the Acts of 1939 provides: 'That before said phonograph and amusement games can be operated, each must have a tag attached showing that the annual privilege tax of $5 has been paid'."

They further alleged "That the Arkansas Sales Tax Law provides certain exemptions under sub-section 'B' of § 14082, Pope's Digest, which states:

" '(b) A portion of all retail sales on articles and/or commodities on which a state privilege tax or license is already collected. In this case the tax imposed in this act shall be an amount equal to whatever is the excess above the already imposed privilege tax or license.

" 'Plaintiffs state that in the purchasing of said phonographs and amusement games they are exempt from paying sales tax to the amount of the privilege tax paid; that is, when $5 privilege tax is paid, they are exempt from the payment of sales tax on $250 of the purchase price of the machine'."

They further alleged that appellee, revenue commissioner for the State of Arkansas, has, without authority of law, demanded of appellants the 2 per cent. sales tax on the full amount of the purchase price of all phonographs or amusement games sold by them, and prayed that appellee "be enjoined from collecting sales tax on the sale of automatic music phonographs and automatic amusement games to the amount of the privilege tax paid, as provided in act 201 of the Acts of 1939, and for all other equitable and general relief."

Appellee filed a demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action. Upon a hearing, the trial court sustained the demurrer and upon appellants refusing to plead further, their complaint was dismissed and this appeal followed.

Appellants' contention is (to quote from their brief) "that under the plain terms of sub-section (b) of § 15 of act 154 of the year 1937, the sale of coin slot machine devices operated under act 201 of the year 1939 is the difference between the privilege tax paid on said ma-

chines and two per cent. (2%) of the sale price of the machines.''

Appellee's position, on the other hand, which the trial court sustained, is that the privilege tax of $5, sought to be deducted, is a tax assessed for the privilege, granted to the owner, to operate the machine in question or for its use, and is not a tax assessed against the machine itself, or the possession by the owner of the machine, such as would make it a tax deductible under the Sales Tax Act, and that had the Legislature intended to permit such a deduction of the tax on phonograph machines and automatic amusement games, it would have said so in the act, and that having failed to do so, it must be assumed that it did not intend to deduct the tax so assessed from the sales tax.

Section 1 of act 201 of the Acts of 1939 reads: ''The purpose of this act is to permit and license the operation of coin operated amusement games and to regulate the same and fix a penalty for the violation of this act; and repeal and amend certain sections of act 137 of the General Assembly of 1933.''

Section 4 of the act imposes a $5 annual privilege tax on each amusement game for which a permit or license to operate such game is to be issued.

Section 6 imposes upon the owners, operators, lessors, or their agents, for the operation of coin operated machines and vending machines, including automatic music vending phonographs, a privilege tax in the sum of $5.

Section 15 of act 154 of the Acts of the General Assembly of 1937, as amended by act 364 of 1939, known as the ''Retail Sales Tax Act,'' is: ''There are hereby specifically exempted from the taxes levied in this act: . . . (b) A portion of all retail sales on articles and/or commodities on which a state privilege tax or license is already collected. In this case the tax imposed in this act shall be an amount equal to whatever is the excess above the already imposed privilege tax or license. . . .''

The question we are to determine is whether the tax of $5 assessed against the owner of the machines in question for the privilege of operating these machines is such a privilege or license tax as is referred to in § 15, paragraph (b), of act 154, *supra,* and, therefore, deductible from the sales tax.

It is our view that it is not such a tax as may be deducted from the sales tax. Such was the effect of our holding in the case of *Wiseman* v. *Madison Cadillac Company,* 191 Ark. 1021, 88 S. W. 2d 1007, 103 A. L. R. 1208. There this court had before it for determination whether automobile license fees could be deducted from the sales tax on automobiles under the provisions of § 15, paragraph (b), of the Retail Sales Tax Act, *supra.* There it was held that the tax assessed as an automobile license fee is a privilege tax, but a tax which the purchaser of the automobile paid for the privilege of using the highways, and was not a tax on the automobile itself or on the privilege of owning or possessing it.

It was there pointed out that items such as cigarettes, cigars, and gasoline, which had previously been held to be deductible, were in a different class since the privilege tax assessed in those cases was not for the privilege of using the articles, but on the privilege of possessing the property without any regard to its use. It is there said: "Moreover, the tax on these articles, cigarettes, cigars, and gasoline, is not a tax for the privilege of using them, but is a tax on the privilege of possessing the property without any regard to how it is used or whether it is used at all."

The privilege tax sought to be deducted in the instant case on the machines in question is, therefore, not such a privilege tax as is contemplated in § 15, paragraph (b), of the Sales Tax Act, *supra.* Here, as has been indicated, the tax is paid on the privilege of using and operating the machines in question and is not paid for the purpose of taxing the privilege of possessing or owning the property.

As was held in the Wiseman-Madison Cadillac Company case, *supra,* that had the Legislature intended to

exempt the articles in question it might easily have specifically done so in the act. This it did not do.

The burden is on appellants to show that they are entitled to the exemption claimed.

In the Wiseman-Madison Cadillac Company case it was said: "If the Legislature had intended to exempt automobile dealers, as claimed by appellee, it could have said so in language about which there could have been no doubt. It did not do this. Appellee, claiming an exemption, the burden is upon it to show that it is entitled to exemption. . . .

" 'An intention on the part of the Legislature to grant an exemption from the taxing power of the state will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a special privilege or exemption is claimed under a statute, charter, or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed, and cannot be made out by inference or implication, but must be beyond reasonable doubt. . . .' Vol. 2, 4th ed., Cooley on Taxation, 1403, § 672."

We think it clear, therefore, that the tax here involved was not deductible from the sales tax collected under the Retail Sales Tax Act, *supra*.

No error appearing, the decree is affirmed.