McFADDIN, J., concurs.

C.J.C. CORPORATION *v.* CHENEY, COMMISSIONER.

5-3577                                                390 S. W. 2d 437

Opinion delivered May 24, 1965.

*Smith, Williams, Friday & Bowen* and *Jerry T. Light,* for appellant.

*Lyle Williams* and *Tom Tanner,* for appellee.

FRANK HOLT, Associate Justice. The appellant, a foreign corporation, supplied concrete and aggregate to a contractor in the construction of a Titan II missile base in Arkansas. The appellant purchased fourteen cement mixer trucks and four batching plants outside Arkansas. The machinery was subsequently brought into the state and used by appellant in the performance of its local contract. The appellee assessed a compensating [use] tax against the appellant in the amount of $9,529.98 based upon the use of this equipment in Arkansas.

This tax was paid under protest by the appellant and suit was brought to secure a refund contending that the equipment was exempt under Ark. Stat. Ann. §84-3106 (d) (Repl. 1960). It was stipulated that the appellant's business in Arkansas consisted of processing and supplying the cement and aggregate, pursuant to a contract between appellant and the prime contractor, for the construction of the federal project. It was further agreed by the parties that in the cement business, the various basic materials used to make concrete are initially measured, commingled and mixed in the batching plant which contains mechanical measuring and mixing equipment. The measured and mixed product of the batching plant is then transferred in a dry condition to a mixer truck. There water is added and the mixing drum on the truck revolves en route to the job site. The adding of water

and the mixing by the revolving drum causes a chemical reaction which completes the processing of the concrete product so that it is prepared for ultimate use.

On appeal from an adverse decision the appellant urges for reversal that the court erred in holding that the appellant's manufacturing and processing equipment was not exempt from the compensating [use] tax under Ark. Stat. Ann. §84-3106 (d) (Repl. 1960). The pertinent part of this statute reads as follows:

"Exemptions.—There are hereby specifically exempted from the taxes levied in this Act [§§ 84-3101— 84-3128]:

\* \* \*

(d) Tangible personal property used by manufacturers or processors or distributors, including ginners of cotton and including the artificial drying of rice, for further processing, compounding or manufacturing;".

The main tenor of appellant's argument is that the exemption was denied by the appellee because of appellant's status as a non-resident contractor making sales to a single purchaser instead of the general public. Appellant contends that the exemption section clearly contains no such limitation. We think, however, the issue to be decided is aptly stated by the appellee when he says that "appellant's brief refers to appellant as a 'manufacturer or processor' as though this had been decided, when this is in fact the sole point of contention."

When determining whether a particular operation constitutes "manufacturing or processing" we follow the rule of common usage or the popular meaning of the words. *Morley* v. *E. E. Barber Const. Co.*, 220 Ark. 485, 248 S. W. 2d 689. In that case a road contractor claimed that the exemption applied to steel, sand and gravel purchased outside the state because they were processed and used in the construction of roads. Therefore, it was urged that the contractor was a manufacturer or a processor within the meaning of the statute. In holding that the construction of a highway is not manufacturing and,

therefore, the materials processed and used in construction are not exempt, we said:

"\* \* \* We think that this is a strained construction and that it is not supported by the intent of the legislature or the ordinary use of language. The intent of the legislature was that the Use Tax Act, Act 487, would complement or supplement the Gross Receipts Tax Act and [since it taxes personal property bought in other states] that it would protect home merchants and businesses from out of state competition. If appellee's interpretation is accepted the Use Tax Act would not only not complement the Gross Receipts Tax Act but would to a large degree emasculate it. Such an interpretation would be a strong inducement for contractors engaged in building roads [and it would have to include houses and every similar construction] in Arkansas to buy all material from suppliers in other states, thus avoiding the tax imposed by both Acts."

Surely it must be said that the machines processing or mixing certain of these concrete ingredients are not exempt within the meaning of the statute if, as we have held, these ingredients, when processed, commingled, mixed and used in construction, are not exempt.

Furthermore, in *Scurlock* v. *Henderson,* 223 Ark. 727, 268 S. W. 2d 619, we held that cotton ginning machinery was not within the exemption provisions since it was not being used for "manufacturing or processing". There we said:

"Strictly speaking, any change or alteration in a commodity is a process; but 'processing' as utilized in the exemption Act must have been selected as a word having some direct bearing upon manufacturing."

Later the legislature expressly exempted the ginning machinery.

There is a presumption favoring the taxing power of the state and the claimant has the burden to establish clearly any right to an exemption. *Wiseman* v. *Madison Cadillac Co.,* 191 Ark. 1021, 88 S. W. 2d 1007. There can be no implied exemption and an exemption provision

must be strictly construed. To doubt is to deny the exemption. *Scurlock* v. *Henderson, supra; Wiseman, Comm. of Revenues,* v. *Town of Omaha,* 192 Ark. 718, 94 S. W. 2d 116; *Bangs* v. *McCarroll,* 202 Ark. 103, 149 S. W. 2d 53.

The rationale behind these cases is that taxation is the rule and exemption from taxation is the exception. The presumption is against any surrender of the taxing power in favor of any particular class. In order for this presumption to be refuted, there must be a clear indication of the legislative intent to provide for the exemption. The exemption, if allowed in the case at bar, would discriminate against any home merchants since the use tax complements or supplements the sales tax. The record does not disclose exactly when the equipment was first brought into the state for use. However, it was purchased and brought into Arkansas sometime during 1961. In this connection, attention is directed to Ark. Stat. Ann. §84-3106 (D) (Supp. 1963) [Act 140 of 1961].

Suffice it to say we do not think there is a clear intention of the legislature to exempt the machinery in the case at bar.

Affirmed.