C & C MACHINERY, INC. *v.* Charles D. RAGLAND, Commissioner of Revenues, State of Arkansas

82-256                                    648 S.W.2d 61

Supreme Court of Arkansas
Opinion delivered March 21, 1983

*Richard L. Peel,* for appellant.

*Timothy J. Leathers, Jr., Joseph V. Svoboda, Kelly S. Jennings, Wayne Zakrzewski, Ann Fuchs,* and *Joe Morphew,* by: *John H. Theis,* for appellee.

STEELE HAYS, Justice. Appellant operates a machine shop, transforming unprocessed metal materials into finished products. In June, 1976 appellant bought twelve pieces of equipment in Oklahoma for use in its shop in Arkansas and was assessed a use tax of three percent of the purchase price under the Arkansas Compensating Tax Act of 1949, Ark. Stat. Ann. § 84-3101 (Repl. 1980), et seq., amounting to $696.68 in tax, penalty and interest.

Appellant paid the assessment under protest, claiming the purchase was exempt under § 84-3106 (D) (2), which exempts machinery and equipment "used directly in producing, manufacturing, fabricating, assembling, processing, finishing, or packaging articles of commerce at manufacturing or processing plants or facilities in the State of Arkansas" and sued to recover the amounts paid. The Chancellor found the appellant was not engaged in manufacturing as that term is used in the act and on appeal appellant claims the decision is against the clear preponderance of the evidence. We affirm the Chancellor.

While we are persuaded that appellant's milling operation changes raw metal into a finished product, we are not persuaded that the finished product is an "article of commerce", as required under the exemption provision of the act, § 84-3106 (D) (2) (a, b and c). The Chancellor was justified in finding under the evidence that appellant does not maintain a stock or inventory of finished articles for sale to the general public, rather, it produces custom items prepared for specific customers in response to special orders. Its products are prepared to customer specifications and are not readily marketable to the general public. We think the

Chancellor's finding was consistent with the preponderance of the evidence. See ARCP Rule 52.

In *Western Paper Company* v. *Qualls,* 272 Ark. 466, 615 S.W.2d 369 (1981), we held that a commercial printer did not qualify for the exemption allowed manufacturers under the Arkansas Gross Receipts Tax (Sales Tax), § 84-1904 (r) (2) (identical to the exemption provided in the use tax statutes) because the product created had no commercial market value other than to the individual customer for whom it was produced. We said: "Ordinarily, we think of a manufactured article as something to be placed on the market for retail to the general public in the usual course of business. *Morley* v. *E. E. Barber Construction Co.,* 220 Ark. 485, 248 S.W.2d 689 (1952)."

We have frequently said that the party claiming an exemption from taxes has the burden of proving his entitlement beyond a reasonable doubt. *S. H. & J. Drilling Corp.* v. *Qualls,* 268 Ark. 71, 593 S.W.2d 178 (1980). Appellant has failed to meet that burden.

The decree is affirmed.