Charles D. RAGLAND, Comm'r of Revenues, Dept. of Finance & Administration *v.* LYON'S MACHINERY COMPANY, INC.

82-296                                                    649 S.W.2d 401

Supreme Court of Arkansas
Opinion delivered May 2, 1983
[Rehearing denied June 13, 1983.]

*Kelly S. Jennings,* for appellant.

*David L. Hale* and *Rogers Cockrill,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a decision by the Pulaski County Chancery Court holding that certain equipment sold by Lyon's Machinery Company, the appellee, is exempt from the Gross Receipts Act. The statute exempts from sales tax, equipment sold that is used directly in manufacturing. The chancellor held that the equipment is used in the "manufacture" of concrete and, therefore, is exempt under Ark. Stat. Ann. § 84-1904 (r) (2).

The State argues on appeal that the equipment is not used in the "manufacture" of a product within the meaning of the statute and requests that the judgment be reversed. We find the chancellor was wrong, reverse the decree, and remand the cause for entry of judgment for the State.

Lyon sells ready-mix concrete plants, which are generally called "batch" plants, and according to the undisputed evidence these plants are used to mix cement, sand, gravel and water to produce ready-mix concrete. The batch plants are expensive and modern machinery for mixing cement. While the appellee presented a good deal of testimony that the ready-mix concrete industry has become very sophisticated and technical, using computers to insure quality, it is essentially the same business that it was in 1965. In 1965, we decided the case of *C.J.C. Corp.* v. *Cheney,* 239 Ark. 541, 390 S.W.2d 437 (1965) that ready-mix batch plants were not exempt from taxation as manufacturing equipment. We held that such equipment was simply used to mix and process certain ingredients and was not used in manufacturing. The only difference between the batch plants here and in *C.J.C. Corp.* is that water is added in the batch plants in question and it was not in the *C.J.C. Corp.* case. That is not a significant or controlling factor. The machinery is still just used for mixing materials and does not produce a truly finished product, such as concrete blocks. It is the burden of the taxpayer to prove beyond a reasonable doubt that equipment is exempt from taxation. *C & C Machinery, Inc.* v. *Ragland,* 278 Ark. 629, 648 S.W.2d 61 (1983). We can find no basis for distinguishing this case from our decision in

*C.J.C. Corp.* v. *Cheney, supra.* Therefore, we reverse the chancellor's decision.

The second issue raised on appeal, whether certain items such as belt conveyors, water heaters, bins, and so forth are used directly in the manufacturing process, becomes moot in view of our decision on the main issue.

Reversed and remanded.