Alan N. Charnes Executive Director Department of Revenue 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Charnes:
This opinion letter is in response to your memorandum of April 5, 1983 in which you inquired about the qualifications of local governmental units to receive distributions of Colorado income tax moneys as provided by C.R.S. 1973, 39-22-623(1)(a) (1982 repl. vol. 16B).
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
 Can a local government adopt an occupation tax or license fee on all vending machines, including cigarette vending machines, and still qualify to receive state distributions under the provisions of section 39-22-623(1)(a)?
Having reviewed the pertinent statutory provisions and case law, I have concluded the answer is "yes." In my opinion, a local government may impose an occupational tax or license fee which may indirectly and remotely affect cigarettes without losing a share of the state tax distributions.
ANALYSIS
The general assembly, in an attempt to provide some uniformity within the state on cigarette taxes, passed C.R.S. 1973,39-22-623(1)(a), giving local governments an option to receive state income tax moneys if the local government did not impose taxes on cigarettes. The statute specifically provides:
 (1)(a) . . . In order to qualify for distributions of state income tax moneys, units of local government are prohibited from imposing fees, licenses, or taxes on any person as a condition for engaging in business of selling cigarettes or from attempting in any manner to impose a tax on cigarettes. Section 39-22-623, C.R.S. 1973.
It would be a contravention of the statute to interpret it to prohibit the imposition of an occupation tax or license fee on any vending machines solely because cigarettes may be tangentially involved.
In fact, it is well established in Colorado law that statutory municipalities retain the right to license, tax and regulate businesses in their respective localities. See
C.R.S. 1973, 31-15-501. A recent Colorado case held that the purpose of an occupation tax is to impose a tax for the privilege of conducting various types of businesses within the boundaries of the city. Board of Trustees v. Foster Lumber Co.,190 Colo. 479, 548 P.2d 1276 (1976). In another Colorado case,City of Englewood v. Wright, 147 Colo. 537, 364 P.2d 569
(1961), the court stated that a home-rule city has the power to impose an occupational tax for the sole purpose of raising revenue.
It would be contrary to the legislative intent to construe an occupation tax or license fee on all vending machines to be a violation of C.R.S. 1973, 39-22-623, and thus disqualify local governments from their share of state distribution. In addition, C.R.S. 1973, 2-4-205 provides that if a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. Here, the general provision gives local government units the authority to regulate, tax and license local business. See C.R.S. 1973, 31-15-501. Section 39-22-623 prohibits local governments from imposing fees, licenses, or taxes on cigarettes or individuals engaged in the business of selling cigarettes. These statutes can be harmoniously construed. The specific provision concerning cigarettes was enacted to provide a uniform state-wide cigarette tax and hence, penalizes any attempt by the local government units to impose a cigarette tax whose incident is borne by the manufacturer, producer or consumer of tobacco products. It does not prohibit an occupation tax or license fee on the operator of a cigarette vending machine for the privilege of operating the machine.
This tax is one on the business of selling through vending machines, not a tax on the business of selling cigarettes. Furthermore, such a tax has no relation to the cigarettes in the machine. It is a tax which is permitted to be imposed by the local government pursuant to C.R.S. 1973, 31-15-501.
Although the specific question which you have presented does not appear to have been addressed by the Colorado courts, courts in other jurisdictions have held that an annual occupation tax on coin-operated machines is not a tax on the machine or the owner of the machine but is a tax on the privilege of operating the machine. See, e.g., Bangs v.McCarroll, 202 Ark. 103, 149 S.W.2d 53 (1941) (annual privilege tax of $5.00 on phonograph and amusement games was tax on owner for privilege of operating the machines). This line of cases suggests that the occupation tax or license fee is a privilege tax on the machine or its contents. I believe that this is the correct interpretation. Hence, an occupation tax or license fee on all vending machines cannot be construed as a tax on cigarettes. Such a tax must be distinguished from a local tax imposed only on cigarette vending machines, or which discriminate against cigarette vending machines.
Developed rules of statutory construction require that words be given their familiar and generally accepted meaning and upon review that the legislative intent be ascertained. SeePeople v. Gallegos, 193 Colo. 108, 563 P.2d 937 (1977);Security Life v. Heckers, 177 Colo. 455, 495 P.2d 225
(1972). To do otherwise would deprive local governments of important revenue raising tools, namely occupation taxes and license fees on vending machines, merely because some vending machines sell cigarettes. Where, as here, the language of the statute is plain, the meaning of the words is clear, and no absurdity is involved, the statute must be interpreted as written. Harding v. Industrial Comm'n., 183 Colo. 52,515 P.2d 95 (1973).
SUMMARY
Based upon the foregoing, it is my opinion that a local ordinance or resolution which imposes a general occupation tax or license fee on all vending machines would not disqualify the local governmental unit from receiving distributions under C.R.S. 1973,39-22-623(1)(a).
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE TOBACCO PRODUCTS MUNICIPAL CORPORATIONS
C.R.S. 1973, 39-22-623(1)(a)
REVENUE, DEPT. OF
A local ordinance or resolution which imposes a general occupation tax or license fee on all vending machines would not disqualify the local governmental unit from receiving distributions under C.R.S. 1973, 39-22-623(1)(a).