The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, AR 72521-0129
Dear Representative Goodwin:
This is in response to your request for an opinion regarding Act 1144 of 1993, which is codified as A.C.A. §§ 26-52-421 and26-53-136 (Supp. 1993). The act exempts from gross receipts tax the sale of foodstuffs to non-profit agencies for free distribution to "the poor and needy. . . ." You have asked whether the Senior Citizens Programs in the state that are operated by non-profit agencies are eligible for this exemption.
A conclusive answer to this question would require a factual review of each such program. As a general matter, however, it is my opinion that the exemption will apply if distribution of the foodstuffs is determined by the recipients' financial need. This conclusion is based upon an interpretation of the act, specifically the language regarding "free distribution to the poor and needy. . . ."
It is well-settled that taxation is the rule and exemption the exception. The Arkansas Supreme Court has consistently held that exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption.City of Fayetteville v. Phillips, 306 Ark. 87, 91,811 S.W.2d 308 (1991). There can be no implied exemption, and to doubt is to deny the exemption. C.J.C. Corporation v. Cheney, 239 Ark. 541,544, 390 S.W.2d 437 (1965). The presumption is against any surrender of the state's taxing power, and in order for this presumption to be refuted there must be a clear indication of the legislative intent to provide for the exemption. Id.
Additionally, a taxpayer has the burden of establishing the right to an exemption beyond a reasonable doubt. Pledger v. BaldorInt'l., Inc., 309 Ark. 30, 33, 827 S.W.2d 646 (1992).
Applying these precepts, it is my opinion that the phrase "poor and needy" must be construed to establish financial need as the basis for the exemption. The term "poor" is defined in relevant part in Webster's Seventh New Collegiate Dictionary 660 (1972) as "lacking material possessions; of, relating to, or characterized by poverty. . . ." "Needy," according toWebster's, means "being in want; poverty-stricken." Id. at 565. The term "needy" is defined in Black's Law Dictionary 929 (5th ed. 1979) as "[i]ndigent, necessitous, very poor." "Necessitous," in turn, means "[i]ndigent or pressed by poverty."Id. at 929. And "indigent" means "[i]n a general sense, one who is needy and poor. . . . Term commonly used to refer to one's financial ability. . . ." Id. at 695.
It may therefore reasonably be concluded, particularly when considering the above rules of construction regarding tax exemptions, that needs resulting from or caused by factors other than financial status will not form a sufficient basis for the exemption. If, however, financial need must be shown in order to receive the foodstuffs, it is my opinion that the program would likely qualify for the exemption. Again, however, this will ultimately require a factual determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh