The Honorable Bob Johnson State Senator Post Office Box 173 Bigelow, AR 72016
Dear Senator Johnson:
You have requested an opinion regarding Section 7 of Act 107 of the Second Extraordinary Session of 2003, which adds a new section of taxable services to Arkansas Code Title 26, Chapter 52, Subchapter 3 (part of the Arkansas Gross Receipts Act of 1941). Your question pertains specifically to subsection (a)(11) of the new A.C.A. § 26-52-316 which, effective July 1, 2004, includes the following among those services that are subject to the gross receipts tax:
 Furnishing camping spaces or trailer spaces at public or privately-owned campground, except for federal campgrounds, on less than a month-to-month basis[.]
You state as background for your question that the U.S. Department of the Army (hereinafter "Army") leases Van Buren Park to the City of Fairfield Bay ("City") for recreational purposes, and you have asked:
 Does the lease between the City of Fairfield Bay and the Department of the Army for Van Buren Park in which the city is required to fulfill all conditions of the federally controlled lease qualify the city for the federal campgrounds exemption outlined in Section Seven of Act 107 of the Second Extraordinary Session of 2003?
RESPONSE
The answer to this question is "no," in my opinion, because under the lease, the park facilities and services are being furnished by the City rather than the Army.
According to the lease document that was submitted to my office in connection with your opinion request, the Army leases Van Buren Park to the City for park and recreational purposes, and the City, as lessee, provides the facilities to the public, either directly or through subleases or other agreements. Although the document I have been provided does not define the precise agreed-upon facilities or services, I assume that campground spaces are included. This service of furnishing camping spaces at campgrounds is subject to the Arkansas gross receipts tax pursuant to the newly enacted A.C.A. § 26-52-316(a)(11) supra. See also
Department of Finance and Administration ("DFA") Regulation 2004-1 (stating under Section 5A that "[t]he service of furnishing camping or trailer spaces at public or private-owned campgrounds on less than a month-to-month basis is subject to gross receipts tax. . . .")
The exception under § 26-52-316(a)(11) for "federal campgrounds" (id.) is inapplicable in this situation, where the City furnishes the camping spaces in the federally-owned park. Section 5C and D of Reg. 2004-1 state:
 C. The tax levied by this section applies to the furnishing of spaces in campgrounds owned or operated by:
1. The State of Arkansas, its agencies or political subdivisions; and
2. Cities, counties, or their political subdivisions.
 D. The tax levied by this section does not apply to spaces furnished by federal campgrounds. In the event property owned by the federal government is leased to a non-federal entity and the non-federal entity uses such property for the furnishing of camping or trailer spaces,
(e.g., the U.S. Army Corps of Engineers leases property to the Arkansas Game and Fish Commission (AGFC) and the AGFC furnishes camping or trailer spaces), then tax must be collected by the non-federal entity on the gross receipts received by the non-federal entity for furnishing camping or trailer spaces. [Emphasis added.]
DFA Regulation 2004-1 (entitled "ADDITIONAL SERVICES SUBJECT TO TAX BEGINNING JULY 1, 2004") (emphasis added).
It is well-settled that in construing a tax exemption, taxation is the rule and exemption the exception. City of Fayetteville v. Phillips,306 Ark. 87, 91, 811 S.W.2d 308 (1991). There can be no implied exemption, and to doubt is to deny the exemption. C.J.C. Corporation v. Cheney,239 Ark. 541, 544, 390 S.W.2d 437 (1965). Additionally, a taxpayer has the burden of establishing the right to an exemption beyond a reasonable doubt. Pledger v. Baldor Int'l., Inc., 309 Ark. 30, 33, 827 S.W.2d 646
(1992). In addressing the exception under A.C.A. § 26-52-316(a)(11), I am also guided by the general rule that "the interpretation given a statute by the agency charged with its execution is highly persuasive, and while not conclusive, neither should it be overturned unless it is clearly wrong." Central Arkansas Telephone Cooperative Inc. v. Arkansas PublicService Commission, 61 Ark. App. 147, 152, 965 S.W.2d 790 (1998).
These principles compel me to conclude that the lease in this instance offers no basis for the City to claim the gross receipts tax exemption that applies with respect to "federal campgrounds." While it might be contended that the exemption applies whenever camping spaces are furnished at federal campgrounds, regardless of whether the federal entity is providing the services, I believe this would be counter to the general rule requiring strict construction against the exemption. Seegenerally Dunhall Pharmaceuticals, Inc. v. State, 295 Ark. 483,749 S.W.2d 666 (1988). Additionally, this interpretation would require that the regulation be overturned, a conclusion that I cannot lightly infer, particularly in view of the general law surrounding a state's ability to tax a federal instrumentality. This law has been summarized by the Arkansas Supreme Court as follows:
 As the Supreme Court first held in M'Culloch v. Maryland, supra,[1]
because of the Supremacy Clause of the United States Constitution, states have no power to tax federally created instrumentalities absent congressional authorization. `[T]he states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared.' Id. The doctrine of intergovernmental tax immunity is well understood, based upon principles of dual sovereignty. Our federal government is immune from taxation imposed by the state, unless that immunity is waived, explicitly or expressly, by a statutory waiver of that immunity. [Citations omitted.]
State v. Farm Credit Services of Central Arkansas, 338 Ark. 322, 326,994 S.W.2d 453 (1999), cert. denied 529 U.S. 1036 (2000).
Clearly, therefore, the State of Arkansas may not impose a tax directly on the federal government. Nor may it impose a tax the legal incidence of which falls on the federal government. See United States v. County ofFresno, 429 U.S. 452, 459 (1977). Considered in light of these federal immunity principles, the "except for federal campgrounds" proviso in A.C.A. § 26-52-316(a)(11) reasonably applies, as stated in DFA Reg. 2004-1, when camping spaces are "furnished by federal campgrounds." Id.
at Section 5D. Extending the exemption to a non-federal entity, such as the City in this instance, would, moreover, be contrary to the strict construction rule, discussed above.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] 17 U.S. (4 Wheat.) 316 (1819).